MRS. JAMES VAUGHN, PLAINTIFF IN ERROR, V. CLARK AND FRENCH, DEFENDANTS IN ERROR.

1. **Judicial Sale.** A purchaser at judicial sale, under a decree of foreclosure, takes the property subject to whatever liens may exist thereon at that time.

2. ———: TAXES. And if such purchaser, after the sale, pay delinquent taxes that have accumulated thereon, he is not entitled to be reimbursed out of the purchase money as against the lien of a junior mortgagee.

ERROR to the district court of Merrick county.

*J. M. Woolworth* and *W. H. Webster*, for plaintiff in error.

*A. Ewing*, for defendants in error.

LAKE, CH. J.

This case, although entitled as one in error, was really brought into this court by appeal. However, the case being one in equity is properly before us, and it will be considered the same as if this technical irregularity did not exist.

The action below was brought by Clark and French as junior mortgagees, for the purpose of enforcing their equitable lien against certain surplus moneys in the

hands of the sheriff of Merrick county, realized by that officer on the sale of the mortgaged premises under a judgment of foreclosure, rendered on a prior mortgage on the same premises. The petition contains all the necessary averments to entitle the plaintiffs to the relief they ask; to which Mrs. Vaughn, who was made a defendant, answered, demanding that said funds be awarded to her in satisfaction of certain tax liens, which she, as the purchaser at said foreclosure sale, had been compelled to pay, in order to perfect her title to the premises. Mrs. Vaughn shows by her answer that these taxes had become delinquent during the pendency of the suit upon her own mortgage; and that she satisfied them by a purchase of the property from the county treasurer at private tax sale, on the same day that she made her purchase under the judgment of foreclosure. To this answer, the plaintiffs filed a general demurrer, which was sustained; and the question thus raised is brought before us for review.

It does not appear that any provision was made, in the decree under the senior mortgage, for the payment of any taxes whatever. Indeed, no mention of them in the pleadings seems to have been made in that case. The sale of the mortgaged premises appears to have been decreed, without reference to any tax lien that existed thereon. In such case, the rule seems to be that the purchaser takes the property subject to the lien, and cannot resort to the purchase money to reimburse himself for the expense of removing the incumbrance.

We are of opinion, therefore, that Mrs. Vaughn, by her purchase at the sheriff's sale, took the premises subject to whatever tax liens existed thereon at the time. She has no valid claim to the money in question; and the judgment of the district court must be affirmed.

JUDGMENT AFFIRMED.