PETER E. ILER, TRUSTEE, APPELLANT, v. S. B. COLSON
AND OTHERS, APPELLEES.

Pleadings: INJUNCTION TO RESTRAIN EXECUTION OF TAX DEED
AT SUIT OF PURCHASER AT SUBSEQUENT JUDICIAL SALE:
WHAT MUST BE ALLEGED. Action by the purchaser of real
estate, under a foreclosure sale to enjoin the execution of a tax
deed about to be made by the county treasurer, in pursuance
of a sale for taxes made prior to plaintiff's purchase, on the sole
ground that the mortgagors "were seized and possessed of per-
sonal property sufficient to pay the taxes due on said land."
Held, 1st, That even if the plaintiff could raise this question,
there being no allegation to the effect that the personal property
was within the jurisdiction of the treasurer, this was a fatal
defect in the petition; 2d, That the plaintiff, being a purchaser
at judicial sale, he took the land subject to the unpaid taxes
and assessments, and whether the tax sale was valid or not, the
taxes themselves, in either event, were a legal incumbrance,
subject to which the plaintiff took his title, and that he was
entitled to the equitable interference of the court only on con-
dition that he offers to do equity, by tendering or offering to
pay the full amount of taxes justly due.

APPEAL from the district court of Dodge county.

*Carrigan & Osborn*, for appellant.

It is the universal rule of law, that where coercive measures become necessary for the collection of the revenues, they shall be first directed to personalty, and the real estate on which the tax is imposed shall not be resorted to until the personal property is exhausted; and the duties of the officers in the collection of the revenue being prescribed in direct and positive terms, all other modes are excluded. *Sioux City and Pacific R. R. Co. v. Washington Co.*, 3 Neb., 24. *Thacker v. Powell*, 6 Wheaton, 125. The above cases were cited with approval. *Johnson v. Hahn*, 4 Neb., 139. It may be contended that this case falls within the case of *Peet v. O'Brien*, 5 Neb., 369, where the case of *Johnson v. Hahn*, above quoted, was cited with approval, but asserts that the mortgagee took only the title of the mortgagor. Admit that, and still one of the incidents of that title was freedom from interference by the revenue officer; but the case of *Hallenbeck v. Hahn* intimates, in very strong language, that the mortgagee would be protected where the mortgagor would not, for the reason that the mortgagor owes a duty to the commonwealth, which should be discharged before he could claim the interference of a court of equity. No such personal obligation rests on the mortgagee, and he for that reason would stand in a better attitude before an equitable tribunal.

*W. A. Marlow*, for appellees.

The plaintiff purchased this property under the decree of the court. He made the purchase subject to all liens existing against the land at that time. *Hibbard & Spencer v. Weil & Kahn*, 5 Neb., 41. *Vaughn v. Clark & French*, 5 Neb., 258.

The court says in *Peet v. O'Brien*, 5 Neb., 361, "That a mortgagee must protect his mortgage security by the discharge of all taxes lawfully assessed upon the land." This the plaintiff failed to do. It certainly will not be claimed that the property was not subject to taxation. It is said in the petition that it was illegally assessed, in what manner we don't know. When Bowmans failed to pay the taxes on this property it was the duty of the plaintiff to do so, if he desired to protect his security. Bowmans might complain if they were in a position to do so. The plaintiff asks to perpetually enjoin the treasurer from giving a deed to Tower, and that the board of county commissioners be required to pay the taxes on said property. The purchaser at tax sale loses his lien on the land as soon as the right to redeem has expired. The owner of the property enjoining the delivery of the deed must deposit with the treasurer the amount paid by the purchaser, and interest, before he can have any standing in court. This has not been done. Sec. 106, Session Laws of 1869, 215. *Peet v. O'Brien*, 5 Neb., 360. *Gillet v. Webster*, 15 Ohio, 623.

LAKE, J.

Does the petition state a cause of action? This is the question we are called upon to decide. The district court held, on demurrer, that it did not, from which judgment the plaintiff brought the case to this court by appeal. The object of the petition is to enjoin the treasurer of Dodge county from executing the usual tax deed to the purchaser of certain lands sold for delinquent taxes.

It is shown by the petition that the plaintiff purchased the lands in question under a decree of foreclosure, entered at the October term of the district court, 1871, on a mortgage executed to himself and

others by William G. and James L. Bowman, on the seventh day of November, 1870. The date of the purchase, under the foreclosure sale, is not given, but it is evident that it was some time after the treasurer had advertised and sold the premises for the taxes delinquent thereon for the years 1869 and 1870, and which had not been paid. This sale by the treasurer was made on the first day of November, 1871.

The plaintiff asks that this tax sale be declared void, and the treasurer enjoined from executing a deed to the purchaser, for the sole reason that the mortgagors had personal property out of which the taxes might have been collected had the treasurer done his duty under the law. The allegation of the petition on this point is as follows: "And your petitioner further shows that during the said years, and after the first day of May of each year, and particularly after the first day of May, 1871, the said William G. Bowman and James L. Bowman, the parties against whom the tax was charged, were seized and possessed of personal property sufficient to pay the taxes due on said land."

As will be apparent on a moment's reflection, this allegation is wholly inadequate to avoid the tax sale, even if the plaintiff were in a situation to entitle him to the benefit of the fact on which he relies. The utmost that it establishes is, that at some time after the first day of May, in the years 1870 and 1871, and while the taxes in question were delinquent, the mortgagors had personal property sufficient to pay them. But there is a total want of allegation to show that on the first day of November, 1871, when the tax sale took place, or at the time of bringing this action, those parties were possessed of any personal property whatever. But this is not all. It is not shown that any of the personal estate said to have been owned by the mortgagors, and out of which the plaintiff contends the

taxes ought to have been collected, was at any time within Dodge county, and where it could have been seized by the treasurer. Indeed, for aught that is alleged, the Bowmans, and all of their personalty, may have been in some other state, and entirely beyond the reach of our laws. In these particulars this petition is fatally defective, and would be so even if the plaintiff held the same relation to these tax proceedings as the Bowmans would have done had they continued to be the owners of the land.

When the aid of a court of equity is sought as against a sale of land for taxes, on the ground of failure to collect them out of personal property, the plaintiff must place himself in an attitude to do such equity as may be adjudged proper, as a condition precedent to the relief granted. It is not enough to allege simply that by doing his duty the treasurer might have made the collection, without resorting to a sale of realty; but, in addition to this, the plaintiff must either show sufficient of personalty subject to seizure to satisfy the tax in case the sale is set aside, or in lieu thereof offer to pay the full amount justly due for the tax, penalty, and interest.

But there is still another and more radical objection to this petition, one which challenges the right of the plaintiff to any relief as against this tax sale, except upon a conditional offer to pay the full amount of the taxes, penalty, and interest due thereon.

It is true the petition charges the taxes against the land to be void, but this is merely a conclusion of the pleader, having no support whatever in any allegation of fact. It is evident that no reliance was placed upon this conclusion, inasmuch as no mention is made of it in the appellant's brief. Regarding the taxes therefore as valid, what is the attitude of the plaintiff as to the sale of the premises to satisfy them?

As we have before shown, the plaintiff purchased subsequent to the sale for these taxes. Being a purchaser at judicial sale, he took the land subject to whatever valid incumbrances rested upon it at the time of his purchase, on account of unpaid taxes or assessments. *Vaughn v. Clark*, 5 Neb., 238. And whether the treasurer's sale was valid or not, the levy being valid, the taxes were, in either event, a legal incumbrance on the land, subject to which the plaintiff took his title. If he desires the equitable interference of the court, as against this sale, he can have it only on condition that he first offers to do equity by tendering, or offering to pay, the full amount of taxes justly due. *Hellenbeck v. Hahn*, 2 Neb., 377.

JUDGMENT AFFIRMED.