Peaesoh, J.
 

 This is a petition for partition. The petition alleges, that from the nature of the property, it cannot be divided without prejudice to the interest of all the parties, and prays that the mill may be sold for the purpose of partition, according to the Act of Assembly.
 

 Tenants in common are entitled to partition, as of right; co-parceners had this right at common law ; the right is conferred upon joint-tenants and tenants in common by statute. The mode of assigning dower in mills, is to allow the widow every third “ toll dish,” or every third day, week, or month, etc. The mode of making partitition among tenants in common, was the same, each taking a toll dish alternately, or alterna-tiiig, by each having the mill a specified time. This mode of making partition, was found to be inconvenient, if not impracticable ; and to remedy this evil, among other things, the Act of Assembly above referred to, confers upon Courts of Equity the power to order a sale for the purpose of partition, when actual partition cannot be made without injury to some
 
 *336
 
 or all of the parties interested. Rev. Code, cli. 82, sec. 8. The action taken in the Court below, was under an entire misconception of the rights of the parties. The defendants do not aver that an actual partition can be made without prejudice to the interest of the parties, but object to a sale on the ground, that it would be more for their interest, that the mill should be kept by the parties, as tenants in common. The reference to the clerk and master, is to report “ whether the land and mill, mentioned in the pleadings,
 
 should be sold.”
 
 lie reports that, in his opinion, that it would be for the interest of the parties that the mill should be sold. Ilis Honor was of a different opinion, and ordered the petition, so far as it prays for a sale of the mill, to be dismissed. This, we say, was an entire misconception. The question was not whether it was for the interest of the parties to sell the mill, but whether it was not better to sell the mill, than to make actual partition in the common law mode! As to this, there can be no difference of opinion; any one at all acquainted with that kind of property, will say at once it is out of'the question to try to run a mill where different parties are entitled to the alternate “toll dish,” or alternate times. Sirp-pose it to be allotted to the parties by alternate weeks, so that negro Jim, or whoever the defendants choose to put there, has the management for one week, and the next, it is put in the charge of Bob Yalentine; how long would the neighbors continue to send to the mill ? They could not have “ standing bags,” or allow grain or flour to stay over after each Saturday night, without the necessity of taking an account between Jim and Bob, as to what would be missing. Jim, on Saturday night, would leave the gates up; and no head of water for Monday. Bob would run gravel through the stones, and Jim would leave the mill running empty ; rats would cut the bolting cloth, &c., &c., to say nothing on the subject of repairs ; what are necessary; how they should be done; by what workmen, &c.
 

 If it be said, should one party be in default, application could be made to a Court of Equity; admit it; but how soon
 
 *337
 
 would the profits be absorbed by the costs, if the clerk and master was to be called on to report who was a suitable miller ; what were the necessary repairs; what workmen, etc., etc.; in short, if the mill was to be taken in charge by the Court of Equity. The same objections apply to a jurisdiction of this kind, which induced the Court to refuse to attempt to give relief upon contracts in relation to co-partnerships. If parties, although bound by express contract to do business as co-partners, in a store for instance, cannot agree as to its management, a Court of Equity does not attempt to make them agree, nor to manage the business for them. The only relief is to enable them to dissolve, and to Avind up the concern.
 

 Pee Cueiam. The order appealed from is reversed.