ISABELLA BARNES v. ROBINSON RAPER.

*Dower—Possession does not supply Seizin.*

1. In a proceeding for dower, it was admitted that the husband did not have seizin of the land during the coverture; *Held*, that an issue whether he was in possession at the time of his death, claiming the land as his own, and the finding thereon, could in no way effect the result; since possession does not supply the seizin necessary to support a claim for dower.

2. The act of assembly requiring "seizin *and* possession" of an inheritable estate by the deceased husband to entitle his widow to dower, commented on by SMITH, C. J. The word "and" substituted for "or" in the original act of 1784, does not change the sense of the enactment.

(*Houston* v. *Smith*, 88 N. C., 312; *Littleton* v. *Littleton*, 1 Dev. & Bat., 327; *Tate* v. *Tate*, 1 Dev & Bat., Eq., 22; *Weir* v. *Humphries*, 4 Ired. Eq., 264, cited and approved).

SPECIAL PROCEEDING for dower, commenced before the clerk and tried at Spring Term, 1883, of WILSON Superior Court, before *McKoy, J.*

The plaintiff is the widow of Henry Barnes, and states in her petition that the defendants Wiley Lamm and Robinson Raper claim possession and title to the two tracts of land therein described, and asks to have her dower in the same allotted to her. The petitioner afterwards compromised her claim upon the tract in possession of said Lamm.

The substance of the defendant's answer is set out in the

opinion. The court below adjudged that the plaintiff is not entitled to dower, and she appealed.

*Messrs. Strong & Smedes,* for plaintiff.
*Messrs. Connor & Woodard,* for defendant.

SMITH, C. J.   In answer to the petitioner's application for an assignment of dower in the two tracts of land described in the petition, alleged to be claimed by the defendants respectively, they deny to be true the allegation of seizin in the intestate husband, at any time during their marriage, in either tract.   For the trial of the matters drawn in controversy by the pleadings, the cause was removed to the superior court, and, it being admitted by the plaintiff that the intestate Henry Barnes, husband of the petitioner, did not at any time during the coverture have legal seizin of the lands, an issue was submitted to the jury in this form: Did Henry Barnes remain in possession of the land to the time of his death, claiming it as his own?   To this inquiry the jury answered, he did not.

Thereupon the court adjudged that the petitioner is not entitled to dower, and she appeals to this court.

The statute in force at the time of the intestate's death, in 1872, and restoring the common law right of dower, gives to a married woman, whose husband dies without or with a will from which she dissents, an estate for life in one-third in value of the lands, rights of redemption, legal and equitable, and other equitable estates whereof her husband was "seized and possessed at any time during the coverture."   Acts 1869–'70, ch. 176, (THE CODE, §2103).

The seizin, as required at common law, to render the estate dowable, must be of an estate of inheritance, with the freehold vested in the deceased husband, as is fully explained in the recent case of *Houston* v. *Smith,* 88 N. C., 312.

The intestate Henry Barnes, who did once own the land, the subject of controversy, conveyed it by deed to his daughter and

only child Mary, wife of Ruffin Raper, previous to his marriage with the petitioner, and it was conceded that he had no seizin during the period of their marriage.

This admission put an end to the claim, unless the petitioner was able successfully to impeach the deed as made in contemplation of marriage and with intent to defraud her of her right to dower. *Littleton* v. *Littleton*, 1 Dev. & Bat., 327; *Tate* v. *Tate*, 1 Dev. & Bat. Eq., 22.

This, it does not appear that she proposed to do, and consequently her asserted claim, being groundless, must be denied.

We are unable to understand why an issue was submitted to the jury in reference to the possession, since possession cannot supply the seizin of an inheritable estate, necessary to support the right of dower, and the responding verdict, if favorable to the petitioner, would not affect the result. The act, it is true, speaks of an estate whereof the husband is *seized and possessed*, substituting the copulative " *and* " in place of the disjunctive " or " in the original act of 1784. A similar change was made in the Revised Code, ch. 118, §1, and yet these alterations in the phraseology do not affect the sense and meaning of the enactment, as held in *Weir* v. *Tate*, 4 Ired. Eq., 264.

In the elaborate opinion of the Chief-Justice, he remarks that " it was never understood by the profession why the term ' possessed ' was introduced into that statute, as it certainly was not intended that there should be dower of terms for years, or that the rule of the common law should be abrogated which makes a legal seizin in the husband sufficient to support a title to dower." This was said in passing upon the force of the disjunctive " or " between the words " seized " and " possessed "; and it is added that, " in point of law, however, the owner of the inheritance is not only *seized*, but is said to be possessed, for the purposes of dower and courtesy, when the reversion or remainder is not after a freehold, but after a term for years only. The possession of the tenant for years is the possession of the reversioner."

These suggestions in reference to the possession are made to prevent any inference from our silence that the issue was at all material in determining the validity of the petitioner's claim, or that a different response would have given it any efficacy.

There is no error, and the judgment must be affirmed.

No error.                                          Affirmed.