LUCINDA EFLAND v. JOHN W. EFLAND et als.

*Dower—Equitable Jurisdiction of the Superior Courts—Seizin.*

1. While the assignment of dower is a Special Proceeding of which the Clerk has jurisdiction, yet if any equitable element is involved, which under the former practice would have been cognizable in a Court of equity, the Superior Court in term has jurisdiction, and the application for dower becomes a civil action.

2. Where an action was brought by a widow, alleging that the legal title to certain land was in the defendants, but that they held it in trust for her deceased husband, and asking that they be declared trustees and that her dower be assigned in the land; *It was held*, that the Superior Court in term, and not the Clerk, had jurisdiction.

3. A widow is not entitled to dower in an equity, unless the husband had such an equitable estate as could be enforced in a Court of equity.

4. Possession alone does not constitute such a seizin as is necessary to support a claim for dower.

5. Where land was purchased and paid for by the husband, but the deed was made to a third party in order to defraud the creditors of the husband, he has no such seizin as will support a claim for dower on the part of his widow, although he was in possession of the land; but where land of which the husband was seized during coverture was sold at execution sale, and purchased by a third party with the money of the husband, and the title was made to the purchaser, with a like intent to defraud, the wife is entitled to dower.

(*Campbell* v. *Murphy*, 2 Jones Eq., 359; *Jones* v. *Gerock*, 6 Jones Eq., 190; *Pollard* v. *Slaughter*, 92 N. C., 81; *Tate* v. *Powe*, 64 N. C., 684; *Rhem* v. *Tull*, 13 Ired., 62; *Barnes* v. *Raper*, 90 N. C., 189; *Dobson* v. *Erwin*, 1 Dev. & Bat., 573; cited and approved).

This was a CIVIL ACTION, tried before *Clark, Judge*, at February Term, 1886, of GUILFORD Superior Court.

Levi Efland died intestate in the county of Guilford in October, 1882, and the plaintiff is his widow and the defendants are his children and heirs at law. The complaint alleges, among other things, that Levi Efland, was, at the time

·of his death, and had been for several years previous thereto, in the undisputed possession of two tracts of land described in the complaint.    That one of said tracts was sold at public auction about ten years ago by the executors of one George Smick, and bid off by the defendant Geo. W. Efland, in pursuance of an agreement between him and his father, Levi, .and paid for by the said Levi, and the deed made by his direction to the said George for the use and benefit of the said Levi, who immediately took possession of the land, paid the taxes thereon, and used it as his own.

That the said Levi was seized of the second described tract ·on the 7th day of March, 1881, on which day the sheriff of ·Guilford sold the same under execution against the said Levi, when the land was bought by the defendant George W. for his father, under an agreement theretofore made between them to that intent and purpose, and the said Levi paid the purchase money and took a deed from the sheriff ·to the defendant Ellen Efland, for said land, for his own use .and benefit, as was understood and agreed by and between them, and the said Levi continued in the use and possession ·of the said land as he had always done before, until the time ·of his death, without any claim by the said Ellen to hold ·the same for her own use or benefit.

That although the title to the said tracts of land were made, one of them to the defendant George, and the other to the defendant Ellen, yet the said defendants never paid anything therefor; that neither of them had the means or ability ·to purchase and pay for said land, and that the equitable ·estate therein was in her husband at the time of his death. That the plaintiff is entitled, as the widow of the said Levi Efland, to have dower in said land, and has demanded of the ·defendants to allot and set apart to her her dower therein, ·but that they deny the equitable estate of the said Levi, ·claim to hold said land free from said equities, and refuse to .allow her right to dower, and she asks that the said George

and Ellen be declared trustees, &c., and that she be adjudged entitled to dower, &c.

The defendants, except John W. Efland and William Brown, answer the complaint, and deny all the material allegations therein, and among other defences, say that small sums were advanced by Levi Efland to George W. and Ellen, but the deeds were made to them, with a view on the part of the father, of secreting the same, and to secure his estate and effects from his creditors, being at the time considerably indebted on his own account and as surety, but with no purpose in any way to defraud the plaintiff, and the allegation that the "plaintiff has a right to dower in any of said land is denied, and the defendants aver that all sums of money advanced toward the payment for these two tracts of land, were with the view and purpose on the part of the said Levi, to advance his said children, and to secure his estate from his creditors."

"For a second defence, relying on the first as if fully herein set out, the defendants suggest that this Court has not jurisdiction of this cause, and demand judgment for costs."

On the calling of the cause for trial, and after reading the pleadings, the defendants moved his Honor to dismiss the action by way of demurrer *ore tenus,* for that the claim of dower of plaintiff, if any she had, should have been made by a special proceeding, returnable before the clerk, and not at Term, and for that the complaint did not state facts sufficient in law to constitute a cause of action, and on consideration of said motion, after debate by counsel, the Court overruled said motion, and ordered the trial to be had, and to this ruling of the Court the defendants excepted.

Thereupon a jury was impanelled and issues submitted to them, which, together with the responses thereto, are as follows:

1. Was Levi Efland in possession of the two tracts of land described in the complaint at the time of his death?

Answer—Yes.

2. Was the 42 acre tract of land bought for Levi Efland by George W. Efland on agreement between them, and paid for by said Levi Efland?

Answer—Yes.

3. Was the deed made to George for the benefit of said Levi?

Answer—Yes.

4. Was the title so directed to be made to George to cover and protect the land from Levi's creditors?

Answer—Yes.

5. Was the tract of 150 acres bid off at the sheriff's sale by George Efland for his father Levi by agreement between them?

Answer—Yes.

6. Was the said tract of 150 acres paid for by Levi Efland?

Answer—Yes.

7. Was the deed taken in the name of Ellen Efland for the benefit of Levi Efland?

Answer—Yes.

8. Was the title so directed to be made to Ellen to cover and protect the land from Levi's creditors?

Answer—Yes.

Besides these issues and responses, the defendants proposed that another issue should be submitted, as to whether the alleged agreements between George W. Efland and Levi Efland, that George should buy the two tracts of land for the benefit of Levi Efland, was in writing or parol, and in answer to this proposal, the plaintiff admitted in open Court that it was by parol.

Whereupon, the presiding Judge made entry of said admission, and held it therefore unnecessary to put that issue to the jury.

Upon the rendition of the verdict, the plaintiff moved the Court for judgment for dower, and for writ to lay off the

same, which motion the defendants resisted, and at the same time moved for judgment in their behalf:

1. For the want of jurisdiction in the Court, and the lack of facts sufficient to constitute a cause of action.

2. For that the plaintiff admitting the agreements between Levi Efland and George W. Efland to buy the two tracts of land for Levi Efland's benefit, to have been in parol, there was no enforcible trust for Levi under the statute of frauds, and there being none for him, there could be none for the plaintiff, his widow.

3. For that the jury having found that the deeds were directed to be made to George W., and to Ellen, to cover and protect the lands from Levi's creditors, then, although Levi paid the purchase money, no Court would construe the holders of the legal title into trustees for Levi Efland, they being dishonest trusts, and would not so construe for the benefit of his widow, claiming derivatively through him.

4. For that in any view of the case, Levi Efland could not be construed to have anything of higher dignity than a mere *right* to have a trust declared for him, and of *rights* a widow cannot be endowed, but only of *seizins and equitable estates.*

His Honor overruled the motion of the defendants, and adjudged the plaintiff to be entitled to dower. and defendants excepted and appealed to the Supreme Court.

*Mr. L. M. Scott,* for the plaintiff.
No counsel for the defendants.

DAVIS, J., (after stating the facts). The first exception is to the jurisdiction of the Court. Although the statute (*The Code,* §2111,) provides that a widow may apply for assignment of dower by petition in the Superior Court, as in other cases of Special Proceedings, and when the application is so made it must be returnable before the clerk, and not to the Superior Court in Term, yet that was not intended to deprive

the Superior Court of the equitable jurisdiction, is well established. *Campbell* v. *Murphy*, 2 Jones Eq., 359; *Jones* v. *Gerock*, 6 Jones Eq., 190. But, as was said by ASHE, J., in *Pollard* v. *Slaughter*, 92 N. C., 81; "The application to the equitable jurisdiction of the Court, should, as a general rule, contain some equitable element."

That equitable element exists in this case, and involves questions both of law and fact, which could not be adjudicated before the clerk, and which, under the old practice, would have been cognizable in a Court of Equity, and is properly a "civil action" within the definition of PEARSON, C. J., in *Tate* v. *Powe*, 64 N. C., 684. There was no error in overruling the exception.

The three other exceptions may be considered together. It seems that the defendants' counsel and the Court, regarded the relation of Levi Efland to both tracts as the same, and the rights of the widow in relation to both as the same, and the defendants insist that the jury having found the deeds were directed to be made to the son and daughter respectively, to cover and protect the land from the father's creditors, that, although the purchase money was paid by the father, the Court would not construe the holders of the legal title into trustees of Levi Efland, they being dishonest trusts; and moreover, the agreement that the purchase was for Levi's benefit, being by *parol*, there was no enforcible trust in favor of Levi under the statute of frauds, and the widow claiming derivatively through him, could be in no better position than he was.

It appears that Levi Efland never was seized or possessed of the tract of forty-two acres, though purchased by George for him and paid for with his money, as found by the jury, nor was he at any time seized in fee of such an equitable estate therein as could be enforced in a Court of Equity. *Rhem* v. *Tull*, 13 Ired., 62. As to this tract, there was no such seizin or equitable estate in Levi Efland during cover-

ture, as would entitle his widow to dower therein. The possession at the time of his death does not constitute the seizin necessary to support the widow's claim to dower. *Barnes* v. *Raper*, 90 N. C., 189, and the cases there cited.

The tract of 150 acres conveyed to the defendant Ellen, stands upon a very different footing. The husband was not only in possession of this tract at the time of his death, but he was seized and possessed thereof during the coverture. The record does not show when the title was acquired or when the marriage took place, but if subsequent to the act restoring to married women the common law right to dower, it is clear that the plaintiff's right to dower in this land would not have been destroyed, even if the purchase by George and the deed to Ellen had been in good faith. As to how it might be, if acquired before the act, we express no opinion.

But the fraudulent conduct of the parties in this transaction, though "with no view or aim in any way to defraud the plaintiff," is sought now to be invested with the force and effect to deprive her of her right to dower in the land of which her husband was seized during coverture, and which he possessed at the time of his death. This cannot be allowed.

"As the money was the father's and not the daughter's, there was in truth no price and no sale as between father and daughter." *Dobson* v. *Erwin*, 1 D. & B., 573.

The plaintiff is entitled to dower in the tract of 150 acres, but not in the tract of 42 acres.

Let this opinion be certified, to the end that the judgment of the Superior Court may be modified in conformity therewith.

Error.                                        Modified.