W. W. KELLY ET AL. v. A. H. McLEOD ET AL.

(Filed 25 April, 1914.)

**Homestead — Metes and Bounds — Tenants in Common—Equity—Judgments—Cloud on Title.**

> The homestead laws should be liberally construed in favor of the one claiming the homestead, and may be allotted in the undivided interest in lands of a tenant in common when such interest does not exceed $1,000 in value, subject only to the rights of enjoyment of the lands by the other tenants in common, who alone may complain; and when the land is sufficiently identified the allotment is not open to objection that the homestead should have been "fixed and described by metes and bounds." Rev., sec. 688. Hence, where a judgment debtor has accepted and enjoyed a homestead allotted to him in his undivided interest in lands of a less value than $1,000 for a long period of time, he may not sustain his suit in the equitable jurisdiction of the court to set aside as void the proceedings under which the homestead had been laid off, and plead the statute of limitations as to the judgment lien, upon the ground that they were a cloud upon his title.

APPEAL by plaintiff from *Justice, J.,* at December Term, 1913, of ROBESON.

On 22 March, 1884, A. H. McLeod, intestate of defendant, recovered judgment before a justice of the peace against plaintiff, W. W. Kelly, for $177.23 and costs, which was docketed in the Superior Court 22 March, 1884. McLeod afterwards sued

upon that judgment, and obtained another judgment on 22 March, 1891, for the amount thereof and costs, and this judgment was docketed on 22 March, 1891. He also recovered judgment before said justice 22 March, 1884, against plaintiff, for $164.23 and costs, which was docketed in the Superior Court, and afterwards a judgment upon the last named judgment was recovered and docketed 21 March, 1901, within ten years after the rendition thereof. Execution was issued upon the last described judgment, and the homestead of W. W. Kelly, defendant in the judgment, was allotted and set apart to him in the one-seventh undivided interest in a tract of land devised to him and others by Duncan Kelly, as tenants in common, containing 362 acres and described in deeds referred to, which was valued by the appraisers at $475. No exception was filed to their report and no objection was ever made to the said allotment of homestead by W. W. Kelly, until the bringing of this action.

Plaintiff seeks to set aside the allotment and to have the judgments declared as a cloud upon his title to the one-seventh interest in the land, he alleging that as the homestead allotment was void, it did not suspend the running of the statute of limitations, and that the judgments, therefore, are now barred, but a cloud upon the title. The one-seventh interest was all the land owned by W. W. Kelly at the time of the allotment or since that time.

Upon the case agreed reciting substantially the foregoing facts, the court held with the defendant, and adjudged that the liens of the judgments were valid and subsisting, and constitute no cloud on the title, nor did the allotment, which was also valid. The action was accordingly dismissed at plaintiff's costs, and plaintiff appealed.

*McNeill & McNeill for plaintiff.*

*Johnson & Johnson and McIntyre, Lawrence & Proctor for defendant.*

WALKER, J., after stating the case: Defendant contended here that this action was not maintainable, upon several grounds, and among others, that the allotment was merely irregular and

not void, and the remedy was by exception thereto, or by motion to set aside (*Welch v. Welch*, 101 N. C., 565), and that if the allotment is void on its face, it is, for that reason, no cloud upon the title, relying on *Busbee v. Macy*, 85 N. C., 329; *Busbee v. Lewis, ibid.*, 332, and subsequent cases approving them; and further, that a court of equity will not aid a plaintiff to plead the statute of limitations; but as we hold with the defendant, upon another ground, it is not necessary to consider those mentioned.

Our opinion is that the allotment was valid, although it embraces only a one-seventh undivided interest in land, this being the objection to it urged by plaintiff.

Defendant's counsel concedes that under *Campbell v. White*, 95 N. C., 344, and *Oakley v. Van Noppen*, 96 N. C., 247, the allotment would be void if the interest was worth more than $1,000, the maximum value of a homestead exemption. There is now a statute providing for such cases (Revisal, sec. 2489; Laws 1905, ch. 429), and this renders useless a discussion of the question, as such a case may not arise again, and, besides, it is not presented in this record. But assuming the position to be correct, we do not see that the difficulty of allotting the homestead in such a case lies in the way when the undivided interest is of a value less than $1,000. We can perceive no sound objection to the allotment of a homestead where all of the debtor's interest in the land does not exceed the allowable value of the exemption. The object of the law is to protect the embarrassed debtor and his dependent family against being wholly impoverished by the creditor so that they may become a charge upon the community or upon charity. It is a beneficent provision and is always construed most liberally to accomplish the desired end.

The provision of Revisal, sec. 688, that the homestead shall be "fixed and described by metes and bounds" applies manifestly to an interest capable of such a description, or, in other words, to land held in severalty. This Court has held that it is not essential to its validity that the "metes and bounds," or course and distance, should be given, but that any description that

sufficiently identifies it will do. *Ray v. Thornton,* 95 N. C., 571. So we are not required to give the statute a literal interpretation. The authorities upon this question are somewhat in conflict, but the best considered cases and the "reason of the thing" sustain our view.

The objection usually urged against allowing a homestead right to exist in an undivided interest is that it may interfere with the rights of the cotenants. "But this is a matter of which the other cotenants alone can complain, and if their rights are respected, persons who are not cotenants cannot object. The object is to protect the portion set off from judgment levies and sales, and not to give an assured title thereto. The cotenant of the claimant of a homestead cannot question the latter's 'right to acquire a homestead interest in the property, so long as the cotenant is allowed to enjoy all his rights and privileges in and to said property as a cotenant.' " *Brokaw v. Ogle,* 170 Ill., 115. The court in that case held that the fact of the land being held in common did not militate against the claim of a homestead, if in other respects the debtor's right thereto is established, citing with approval *Tarrant v. Swain,* 15 Kansas, 149. A good statement of the law and the reason therefor is given in the case just cited: "The laws, however, of the various States upon this subject differ, and several decisions may be found on the other side of the question. Of course, a tenant in common can obtain no such homestead interest as will interfere with the rights or interests of his cotenant, or any person rightfully holding under his cotenant. But this is probably the only limitation upon his acquiring a homestead interest in such property. Third parties cannot say that, because a tenant in common cannot obtain such a homestead interest as will defeat or destroy the interest of his cotenant, that therefore he cannot obtain any homestead interest at all. Neither can his cotenant question his right to acquire a homestead interest in the property, so long as such cotenant is allowed to enjoy all his rights and privileges in and to said property as a cotenant." *Tarrant v. Swain, supra;* and that case is supported fully by *McGuiar v. Barr,* 81 Ky., 32;

165—25

*Giles v. Miller,* 36 Neb., 346; *Kaiser v. Haas,* 27 Minn., 406. We find it stated in 21 Cyc., p. 505, that the policy of the exemption laws, liberally construed, is deemed to be that the debtor and his family may be protected in their possession of a home, irrespective of the character or extent of the estate owned by him, provided he be not an intruder, and many authorities are cited in the notes to sustain the text. Judge Thompson, in his work on Homesteads and Exemptions, sec. 181, adopts what Freeman (who, he asserts, is a careful and judicious writer) has said upon this question: "The fact that a homestead claim might savor of such an assumption of an exclusive right as is inconsistent with the rights of the other cotenant, and that the maintenance of such claim might interfere with proceedings for partition, form no very satisfactory reason for denying the exemption. If the rights of the other cotenant are threatened or endangered, he alone should be permitted to call for protection and redress. The law will not sanction any use of the homestead in prejudice of his rights. But, as long as his interests are respected, or so nearly respected that he feels no inclination to complain, why should some person having no interest in the cotenancy be allowed to avail himself of the law of cotenancy for his own, and not for a cotenant's, gain? The homestead laws have an object perfectly well understood, and in the promotion of which courts may well employ the most liberal and humane rules of interpretation. This object is to assure to the unfortunate debtor and his equally unfortunate, but more helpless, family the shelter and influence of *home.* A cotenant may lawfully occupy every parcel of the lands of the cotenancy. He may employ them, not merely for cultivation or for other means of making profits, but may also build houses and barns, plant shrubs and flowers, and surround himself with all the comforts of home. His wife and children may of right occupy and enjoy the premises with him. Upon the land of which he is but a part owner he may, and in fact he frequently does, obtain all the advantages of a home. These advantages are none the less worthy of being secured to him and his family in adversity because other cotenants are entitled to equal advantages in the same

home. That he has not the whole is a very unsatisfactory and a very inhumane reason for depriving him of that which he has," citing Freeman on Cotenancy and Partition, sec. 54, which is fully sustained in almost identical language by *Clark v. Thias,* 173 Mo., 628. See *King v. Wellborn,* 83 Mich., 195, and cases cited.

In this case it appears that the debtor accepted the allotment of the homestead without any objection, and has for many years occupied and enjoyed the same and held off his creditors. How is he prejudiced in the least degree by receiving his undivided seventh interest in the whole tract, to do with as he pleases during the continuance of the exemption? If he wishes to hold it in severalty, he may, perhaps, have partition, and the judgment lien, subject to the homestead exemption, will rest upon his several interest. In no possible way can he be injured, nor can his creditor, by an allotment of his interest in the joint estate, as he must wait until the time comes to subject the debtor's interest to the payment of his debt, and it being worth less than $1,000, he cannot reach it in the meantime, whether it is allotted as a joint or several interest. It is a strange and illogical argument, advanced by some, which would lead to his losing it simply because the law cannot protect him in the sole enjoyment of it. If he cannot agree with his cotenant, let him have and enjoy his share of the joint profits. This is better than nothing, and more sensible, it seems, than taking it all away because he cannot fully enjoy it except in severalty.

The homestead is sufficiently described by reference to the deeds, recorded in the county, by book and page of the registry.

Affirmed.