Special proceeding for partition of the lands of Martha Louisa Cox, tried in the Superior Court upon these issues.
(71) 1. Was Henry Haddock, the father of the defendant Nonie Stocks, born out of lawful wedlock? Answer: No.
2. If so, did Martha Louisa Cox, the testatrix, in her lifetime, acknowledge and recognize Henry Haddock as the son of William Haddock, and *Page 107 
did she recognize and treat him as her kinsman, and acknowledge the relationship as his aunt and he her nephew? Answer: ..........
His Honor rendered judgment "that Henry Haddock was the lawful child of William Haddock, mentioned in the last will and testament of Martha Louisa Cox, and that Nonie Stocks, the only child of Henry Haddock, is the owner of and entitled to a one-ninth undivided interest in and to the lands set out and described in item 2 of said will as the child of Henry Haddock," and further adjudging that the lands be divided between the nine parties plaintiff and defendant as tenants in common, giving to each one-ninth in severalty. The decree further appoints commissioners to make division and provides for an accounting of the rents and profits of the lands.
The plaintiffs petitioners excepted and appealed.
The defendants move to dismiss the appeal because the appellants have failed to comply with the well settled rules of this Court governing the assignments of error.
We think the objection to the assignments of error, except to the first four, well taken. The remaining assignments do not appear to be even an attempted compliance with the rules of this Court. They do not undertake to point out in any manner the substance of the ruling assigned as error. As a sample, we quote No. 22: "Plaintiffs rely on twenty-seventh exception, as it is contrary to law." We have said repeatedly that assignments of error not stated according to the rules of this Court will be disregarded.Steeley v. Lumber Co., 165 N.C. 27.
The work of this Court is so exacting that we cannot grope through a voluminous record to ascertain what error is complained of. In all appellate courts the bills of exceptions or assignments of error are required to point out concisely the substance of the ruling excepted to. Failing to do so, they will be disregarded. Wheeler v. Cole, 164 N.C. 380.
Nevertheless, in this case we have carefully gone through the entire record, and can find no error which necessitates another trial.
These nine tenants in common, arrayed as plaintiffs and defendants, are admitted in the original pleadings to be tenants in common of the lands devised by Martha L. Cox, as follows: "I give and devise and bequeath unto my brother, J. J. Haddock, and wife, Emila (72) Augusta Haddock, and the children of my two deceased brothers, William Haddock and Henry Haddock, share and share alike, and their respective heirs forever, my tract of land in Chicod Township, known as *Page 108 
part of the Frederick Haddock land, adjoining the lands of W. G. Tucker, Bryant Tripp, and others, containing 600 acres."
The will further provides that the devisees should take per capita and not per stirpes.
The only dispute was as to the share to be allotted to Nonie Stocks, the daughter of Henry Haddock, the son of the William Haddock mentioned in the will. It was claimed that he was illegitimate. That question was determined in favor of the legitimacy of Nonie Stock's father and settled her title to one-ninth of the lands. We have examined the rulings and charge of the court in submitting that issue, and find no reversible error in them. The question was one largely of fact, and appears to have been clearly put to the jury.
The first four assignments relate to an attempted nonsuit before the clerk, which the plaintiffs claim put an end to this action before it reached the Superior Court.
We are of opinion that in partition proceedings a nonsuit cannot be taken and the proceeding dismissed except by consent of all parties before the court. When the issue was joined as to the right of Nonie Stocks to a share as tenant in common under the statute, it was the duty of the clerk to transfer the case to the civil docket for trial by jury. He is not invested with any judicial discretion in the matter. The statute is mandatory, and the act of the clerk in dismissing the proceedings was a nullity. The Superior Court properly ordered a certiorari to bring the record up to term for trial. Brittain v. Mull, 91 N.C. 498.
This petition for partition was filed 30 January, 1911. It alleges that all the parties plaintiff and defendant, including Nonie Stocks, are tenants in common of these lands, and asks for a partition in severalty.
The defendants Nonie Stocks and others answered, admitting the tenancy in common, and also praying for a division of the lands. On 3 February, 1911, the clerk entered a decree appointing commissioners to divide the lands. The commissioners made the division and allotted the several parts to Nonie Stocks and the other plaintiffs and defendants as tenants in common, according to the decree.
The report was filed 13 April, 1911, with the clerk, and Jesse Haddock filed exceptions to the report. On 4 April, 1911, the plaintiffs filed an amended complaint, without any permission of court, challenging for first time Nonie Stocks' right to any share in the lands — a fact already admitted in the original pleadings — and asks a confirmation of the (73) division already made, leaving Nonie Stocks out. She had already filed exceptions to the report of division as to the tract assigned to her.
She and her husband filed an answer to the amended petition, denying its allegation, and claiming her share as the daughter of Henry Haddock, the alleged illegitimate son of William Haddock. *Page 109 
At this stage of the proceedings, on 6 September, 1911, the clerk adjudged "that the plaintiffs in this special proceeding be nonsuited, and the petition filed herein is dismissed without prejudice, with the cost taxed against the plaintiffs," and refused to docket the case on civil-issue docket for trial of the issue.
By certiorari the defendants brought the record before the Superior Court in term, where the case was tried upon the issues herein set out and raised by the amended petition and the answer thereto.
In a learned opinion in McKesson v. Mendenhall, 64 N.C. 502, JusticeRodman considers the subject of nonsuit very fully, and lays down the rule that a plaintiff may elect to be nonsuited in every case where no judgment other than for costs can be recovered against him by the defendant; and when such judgment, other than for costs, may be recovered, he cannot, and says: "The Court will not allow a plaintiff to become nonsuit to the prejudice of the defendant."
It must be borne in mind that this attempted nonsuit was taken after decree for partition had been entered, and after the partition had been made and report filed.
In Daniel Chancery Practice it is said: "After a decree, however, the court will not suffer a plaintiff to dismiss his own bill, unless upon consent, for all parties are interested in a decree, and any party may take such steps as he may be advised to have the effect of it."
Chief Justice Smith says: "He who comes into a court of equity seeking its assistance must himself do equity, and the plaintiff cannot be allowed, after taking the advantage derived from his action, by putting an end to it, to deprive the defendants of the advantages to which they are entitled." Purnell v. Vaughan, 80 N.C. 48.
In Wate v. Crawford, 11 Paige Ch., 470, Chancellor Walworth says: "Before any decree or decretal order has been made in a suit in chancery by which a defendant has acquired rights, the complainant is at liberty to dismiss his bill upon payment of costs. But after a decree has been made the bill cannot be dismissed without destroying these rights."
In Bynum v. Powe, 97 N.C. 374, it is held that "Under the present method of civil procedure there is but one form of action, and the plaintiff, as indicated above, may, no matter what may be the nature of the cause of action, voluntarily submit to a judgment of nonsuit, except that in cases purely equitable in their nature he cannot do so after the rights of the defendant in the cause of the action have attached (74) that he has the right to have settled and concluded in the action. This is reasonable, and rests upon grounds of manifest justice."
So in Boyle v. Stallings, 140 N.C. 524, this Court held that plaintiff was not entitled to dismiss his action after an account had been taken and exceptions filed. In that case no counterclaim was set up by defendant. *Page 110 
The plaintiff asked for an accounting and defendant submitted to an account, which was taken. This Court held that was substantially a counterclaim, although not one in express terms. To same effect, see Egg v.Deavey, 11 Beav., 221; Hall v. McPherson, 3 Bland (Md.); 6 Enc. Pl. and Pr.; Wyatt v. Sweet, 48 Mich. 539.
In Connor v. Drake, 1 Ohio St. 166, it is said: "After a defendant has been put to trouble and expense in making his defense, if, in the progress of the case, rights have been manifested that he is entitled to claim and which are valuable to him, it would be unjust to deprive him of them merely because the plaintiff might come to the conclusion that it would be for his interest to dismiss his bill. Such a mode of proceeding would be trifling with the court as well as the rights of the defendant."
In R. R. v. R. R., 148 N.C. 59, it is held that in a condemnation proceeding the plaintiff may not, as a matter of right, submit to a judgment of nonsuit after obtaining an order giving it possession and ejecting defendant.
It seems to be uncontroverted that where the defendant pleads a counterclaim, or in reconvention, or in actions of an equitable nature has acquired some right in the action which he is entitled to have determined, the plaintiff may not submit to a nonsuit. Gatewood v. Leak, 99 N.C. 364; 14 Cyc., 409.
At one time partition of land could only be effected by suit and decree in equity. The several State courts possessing general equity or chancery powers have jurisdiction of suits for partition, unless their authority has been abrogated or restricted by statute. 30 Cyc., 170.
In this State, prior to 1868, partition between tenants in common was a matter to be determined by a court of equity under the act of Assembly. Revised Code, ch. 82. They are entitled to partition as a matter of right, and not as a matter of discretion. Holmes v. Holmes, 55 N.C. 334. Since 1868 partition is accomplished by a special proceeding, and is regulated by statute. Revisal, sec. 2485.
Where the plea of sole seizin is set up, the effect is practically to convert it into an action in nature of ejectment. Where it is not set up, the parties are taken to be tenants in common, and the only inquiry is as to the interest owned. Wright v. McCormick, 69 N.C. 14; Graves v.Barrett, 126 N.C. 270.
(75) Our statute now provides that the Superior Courts on petition of one or more persons claiming real estate as tenants in commonshall appoint commissioners to make division.
It is not a matter of choice with a tenant in common whether he will have the common lands divided, but it is compulsory. If he commences such a proceeding, the other tenants in common have equal rights in it, and it follows necessarily that if he changes his mind, or the division *Page 111 
made does not please him, he cannot block the partition by submitting to a nonsuit and dismissing the proceeding, as was attempted to be done in this case, after the division had been made and the report filed.
Any tenant in common, party to the proceeding, without regard to which side of the case he may be arrayed on, whether as plaintiff or as defendant, has a right to prosecute the proceeding to final judgment. If this were not so, the statute would fail to accomplish its purpose.
No error.
Cited: Gill v. Porter, 174 N.C. 570 (2p); Bank v. Leverette, 187 N.C. 746
(2c); Clark v. Homes, 189 N.C. 712 (2c); Barber v. Barber, 195 N.C. 712
(2p); Talley v. Murchison, 212 N.C. 206 (2p); Trust Co. v. Watkins,215 N.C. 294 (2p); Rostan v. Huggins, 216 N.C. 389 (2p); Hyman v.Edwards, 217 N.C. 344 (2p); Mineral Co. v. Young, 220 N.C. 290 (2p);Bailey v. Hayman, 222 N.C. 60 (2c).