FRANK A. BARBER AND WIFE, MARY P. BARBER, v. B. GEORGE BARBER AND WIFE, STELLA P. BARBER, WACHOVIA BANK & TRUST COMPANY, TRUSTEE, AND STELLA P. BARBER, GUARDIAN AD LITEM, ET AL.

(Filed 6 June, 1928.)

**1. Partition—Actions for Partition—Proceedings and Relief—Sale for Partition.**

In proceedings for partition of lands among tenants in common, an allegation that the land is incapable of actual division without injury to some or all of the tenants in common raises a question of fact to be determined by the trial judge, and not an issue of fact for the jury, and the trial judge has the power to order a sale for partition. C. S., 3215, 3233.

BARBER *v.* BARBER.

**2. Partition—Actions for Partition—Right to Partition and Defenses Thereto.**

The right of a tenant in common to have the lands sold for a division, C. S., 3215, cannot be defeated by a trust creating an interest in the lands by another of the tenants.

**3. Same—Parties.**

Under a trust created in the lands held in common by one of the tenants therein, the trustee and the beneficiaries are proper parties to the proceedings for a sale for division, so that they may preserve their rights in the proceeds of the sale to be apportioned to the tenant under whom they are thus acquired.

**4. Same.**

The wife of a tenant in common has an interest in his portion of the lands or the proceeds of the sale thereof for division, contingent upon her surviving him, and is a proper party to the proceedings for partition, with the right to be heard when the lands are sold for division in order to protect her contingent interests in the proceeds of the sale.

APPEAL by defendant, Stella P. Barber, individually, and as guardian *ad litem* from *Moore, J.,* at January Term, 1928, of BUNCOMBE. Affirmed.

Proceeding for partition of land between plaintiff, Frank A.. Barber, and defendant, B. George Barber, as tenants in common.

From judgment ordering that the land be sold for partition, defendant, Stella P. Barber, wife of defendant, B. George Barber, and guardian *ad litem* of the infant defendants, appealed to the Supreme Court.

*Campbell & Sample for plaintiffs.*
*J. M. Horner, Jr., for defendants.*

CONNOR, J. Plaintiff, Frank A. Barber, and defendant, B. George Barber, are owners, as tenants in common of a lot of land situate in the city of Asheville, N. C., described in the petition filed in this proceeding. This lot of land has a frontage on a public street in said city of twenty-five feet; there is located on said lot a two-story brick building, constructed and used for business purposes. It is admitted in the pleadings, and was found as a fact upon the hearing, that said lot is not susceptible of actual partition. This is in effect a finding by the court that an actual partition of said lot of land cannot be made without injury to all of the parties interested therein.

A tenant in common is entitled as a matter of right to partition of the land held in common, to the end that he may have and enjoy his share therein in severalty. *Foster v. Williams,* 182 N. C., 632; *Haddock v. Stocks,* 167 N. C., 70; *Holmes v. Holmes,* 55 N. C., 334.

Whether or not, in a proceeding instituted under C. S., 3215, for partition of land, held by two or more persons as tenants in common, between or among such persons, there shall be an actual partition, or a sale for partition, as authorized by statute, involves a question of fact to be determined by the court. The statute provides that "if it shall appear by satisfactory proof that an actual partition of the lands cannot be made without injury to some or all of the parties interested, the court shall order a sale of the property described in the petition, or any part thereof." C. S., 3233. When one tenant in common prays in his petition that the land be sold for partition, upon an allegation that an actual partition cannot be made without injury to some or all of the parties interested in the land, and the allegation is denied, no issue of fact is raised thereby, to be submitted to and passed upon by a jury. *Vanderbilt v. Roberts,* 162 N. C., 273; *Taylor v. Carrow,* 156 N. C., 8; *Ledbetter v. Pinner,* 120 N. C., 455.

In the instant case, upon the admissions in the pleadings, Frank A. Barber, the owner of an undivided one-half interest in the lot of land described in the petition, is entitled as a matter of right to partition of said lot of land, to the end that he may hold and enjoy his said interest in severalty, and the court was authorized and empowered, by statute, to order a sale of said lot of land, to the end that he may have such partition, without injury to himself and to the other parties to the proceeding, which would, upon the admission, result from an actual partition. He cannot be denied his rights because of interests which defendants, other than B. George Barber, claiming under him have acquired, in and to his undivided interest in said lot of land.

Prior to the date of the commencement of this proceeding, defendant, B. George Barber, had executed a deed of trust, by which he conveyed to the Wachovia Bank & Trust Company, trustee, all of the income which he, the said B. George Barber might thereafter derive from the building located on the lot of land described in the petition in this proceeding. This income, together with other property, real and personal, was conveyed to the said trustee to hold, control and manage for the use and benefit of Stella P. Barber, wife of B. George Barber, and their children, viz.: Frances L. Barber, Geo. F. Barber and Charlotte E. Barber. The said children are infants and are represented in this proceeding by Stella P. Barber, their duly appointed guardian *ad litem.* The Wachovia Bank & Trust Company, trustee, Stella P. Barber, wife of B. George Barber, and the said children, represented by their guardian *ad litem* are proper parties to this proceeding, for they have an interest in the land described in the petition, which will be affected by the sale for partition. Their interest in said land, however, derived from the deed of trust executed by the defendant, B. George Barber, to Wachovia

Bank & Trust Company, is confined and limited to the one-half undivided interest of B. George Barber, and does not extend to the interest of the plaintiffs in said land. Such interest as they have in the land will, upon its sale, attach to the proceeds, and will be fully protected in the final judgment or order in this proceeding.

Defendant, Stella P. Barber, as wife of defendant, B. George Barber, is also a proper party to this proceeding. She has an inchoate right to dower in the undivided one-half interest of her husband in said land. She has a right to be heard upon the confirmation of the sale and upon the order for the distribution of the proceeds. *Valentine v. Granite Corporation,* 193 N. C., 578. She cannot, however, upon the facts alleged in her answer, resist plaintiffs' right to partition, nor challenge the power of the court to order a sale for partition. As the wife of a tenant in common, she has no present right to or estate in the land; she has no dominion over it. She has only a right therein, contingent upon her surviving her husband, and thus becoming his widow—that is, the right to dower. *Rodman v. Robinson,* 134 N. C., 503; *Gatewood v. Tomlinson,* 113 N. C., 312.

Defendants' assignments of error based upon exceptions appearing in the case on appeal cannot be sustained. The judgment is

Affirmed.