FRED SMITH ET AL. v. WILLIE EAKES ET AL.

(Filed 3 November, 1937.)

**Homestead § 8—Tenant in common does not waive homestead by joining in petition for sale of lands for partition.**

A tenant in common does not waive her right to homestead exemption by joining in a petition for sale of the lands for partition, but is entitled to have her share of the proceeds of sale within the amount of the exemption held for her benefit, and the net income therefrom paid to her until the termination of her homestead rights.

APPEAL from *Hamilton, Special Judge,* at August Term, 1937, of DUPLIN. Affirmed.

*Beasley & Stevens* for appellants.
*No counsel* for appellees.

PER CURIAM. This was a proceeding under chapter 63 of the Consolidated Statutes for a sale for partition of land held by tenants in common. After the sale and confirmation thereof had been had Fred Smith, one of the petitioners and the last and highest bidder at the sale, filed a supplemental petition alleging that there had been found a judgment in favor of G. B. D. Parker, properly recorded in Duplin County, against Elizabeth Smith, one of the petitioners, owning an undivided one-eighth interest in the land; that said Parker was now dead and that L. R. Hagood and Mary Belle Parker were his administrators, and that Mary Belle Parker now owned said judgment, and requesting that said administrators and Mary Belle Parker be made parties "to make any objection, or otherwise, why said lands should not be relieved from said judgment, and said judgment attached to the money derived from said lands." Said administrators and Mary Belle Parker were served with summons and filed a petition alleging the existence of said judgment, and asking that the interest of Elizabeth Smith in the proceeds of the sale, less costs, be paid to Mary Belle Parker, the present owner of said judgment, to be credited thereon. Mrs. Elizabeth Smith filed answer to said supplemental petitions and admitted the existence of a judgment against her for more than $1,000, as alleged, and asked that her homestead be allotted in her undivided interest in the proceeds of the sale of the lands.

The clerk of the Superior Court found the facts to be as set forth in the petition, supplemental petitions and answers, and in addition thereto that the price of $500.00 paid for the land was the reasonable worth thereof, and that Elizabeth Smith owned no other lands, and adjudged that the interest of Elizabeth Smith in the proceeds of the sale be paid

by the commissioner into the office of the clerk, to be held and invested, and the net income paid to Elizabeth Smith until her homestead rights shall be terminated, and then the *corpus* paid to Mary Belle Parker or her assigns, to be credited on the said judgment.

Upon appeal to the judge of the Superior Court from the clerk thereof, the judge found substantially the same facts as the clerk and entered substantially the same judgment. To this judgment the administrators and Mary Belle Parker reserved exception and appealed to the Supreme Court.

We are of the opinion, and so hold, that the appellants' contention that Elizabeth Smith, by joining in the petition for sale for partition, waived her right to homestead exemption in the proceeds of the sale of the lands, is untenable.

"The fact that a tenant in common is entitled to a homestead against the judgment cannot prevent a sale for partition. *Kelly v. McLeod,* 165 N. C., 385. His share of the proceeds of the sale will be reserved and his homestead right therein protected by a proper decree." *Holley v. White,* 172 N. C., 77.

The judgment of the Superior Court is
Affirmed.