CITIZENS BANK AND TRUST COMPANY v. IRVINE B. WATKINS AND TREVA G. WATKINS, HIS WIFE; ALEX S. WATKINS AND LUCY B. WATKINS, HIS WIFE; MRS. ELIZABETH W. CUMMINGS, WIDOW; HARRY G. WATKINS, BACHELOR; MRS. RUSHIA W. WATKINS, WIDOW; MRS. NANNIE T. WATKINS, WIDOW; MRS. REBECCA W. SINGLETON, WIDOW; MRS. NANNIE T. WATKINS. GUARDIAN OF EDWARD T. WATKINS, MINOR; S. M. WATKINS, ADMINISTRATOR, ESTATE OF NANNIE GUY WATKINS, DECEASED; MRS. MARY WATKINS McIVER AND ALTON McIVER, HER HUSBAND; S. M. WATKINS, WIDOWER; MRS. REBECCA W. RODWELL AND ROY O. RODWELL, HER HUSBAND; WILLIAM T. WATKINS, BACHELOR; EDWARD T. WATKINS, MINOR.

(Filed 22 March, 1939.)

**1. Dower § 3—**

Inchoate dower is a mere expectancy or probability standing upon the same footing with the expectancy of heirs apparent or presumptive before the death of the ancestor, except that the right of dower may not be defeated except with the wife's consent.

**2. Dower § 6—Nature and incidents of dower consummate.**

Upon the death of a husband, the widow's right of dower becomes consummate, and is a fixed and vested right of property in the nature of a chose in action, which, upon assignment of dower, becomes a life estate in the property assigned, which estate is subject to all the incidents of any other life estate, and is considered a continuation of the husband's estate. C. S., 4100.

**3. Same: Partition § 1—Wife having a dower interest in property held by her husband as tenant in common may not defeat sale for partition.**

A husband died seized of an interest in the *locus in quo* as tenant in common. His widow's dower was allotted in a one-eighth interest in the property. Plaintiffs, owning an undivided interest in the property, instituted this action for partition, and it was admitted that actual partition of the property could not be had. The widow objected to the sale of her dower interest. *Held:* Plaintiffs are entitled to sale of the property for partition upon the facts admitted, C. S., 3233, which right they could have enforced against the husband prior to his death, and which they are entitled to enforce against the widow's dower, since her estate in the land is but a continuation of his.

**4. Same—**

C. S., 4105, *et seq.*, providing a method for allotment of dower, does not preclude a court of equity from ordering a sale of the lands for partition, even though dower has been allotted in the husband's interest in the lands as tenant in common, since both remedies are equitable in their nature and the court may make such orders and decrees as become necessary to do justice between the parties.

5. **Estates § 4—**
    Where a greater and lesser estate meet in the same person, in the same right, without any intermediate estate, the lesser estate is merged in the larger and ceases to exist.

6. **Same—**
    The requirement that a person must own two estates "in the same right" in order for the estates to merge does not mean that they must be acquired in the same manner but that they be held by such person as his own without any equitable claims against them.

7. **Same: Dower § 10—**
    Where a widow is allotted dower in lands and thereafter acquires the remainder interest by purchase, the dower is merged in the fee and ceases to exist.

WINBORNE, J., took no part in the consideration or decision of this case.

APPEAL by defendant Rushia W. Watkins from *Parker, J.,* at October Term, 1938, of VANCE.

Special proceedings to sell lands for partition.

Samuel Watkins, Sr., died seized and possessed of the four several tracts of land described in the petition. Thereafter Samuel Watkins, Jr., one of his heirs-at-law, having died, his widow, the defendant Rushia W. Watkins, was allotted one-eighth interest in said property as her dower. She thereafter acquired the remainder interest, so that her dower interest and the interest acquired by purchase vests her with the fee in one-eighth interest.

Subsequent to the allotment of dower the plaintiff acquired a two-eighth undivided interest in tracts one, two and three and a one-eighth undivided interest in tract four. Whereupon, the plaintiff instituted this proceeding to have said land sold for partition.

It is alleged in the petition and admitted in the answer that an actual partition of the lands cannot be made owing to the nature and character of the real estate and the number of parties interested. The defendant Rushia W. Watkins, in answer to the allegation that a sale of said land would be more advantageous to all of the parties interested than an actual partition thereof, denies that a sale of said lands would be more advantageous to her and elects to stand on her right of dower and objects to any order of sale of her dower right.

An issue of fact having been raised as to the exact interest of the plaintiff in one of the tracts of land, the cause was transferred to the civil issue docket. A jury having answered the controverted issue of fact in favor of the plaintiff, the court entered judgment ordering sale of said tract of land, including the dower interest of Rushia W. Watkins. The defendant, Rushia W. Watkins, excepted and appealed.

*Perry & Kittrell for plaintiff, appellee.*
*A. A. Bunn for Rushia W. Watkins, defendant, appellant.*

BARNHILL, J.   The inchoate right of dower is a mere expectancy or possibility standing upon the same footing with the expectancy of heirs apparent or presumptive before the death of the ancestor, except that the wife's expectancy may not be defeated by the husband without her consent.   Upon the death of the husband the widow's right of dower becomes consummate.   It is then a fixed and vested right of property in the nature of a chose in action—the right to demand an assignment of dower.   After assignment she becomes a life tenant of the property assigned.   "Every married woman, upon the death of her husband intestate  .  .  .  shall be entitled to an estate for life in one-third in value of all the lands, tenemants and hereditaments whereof her husband was seized and possessed at any time during the coveture."   C. S., 4100.   *Chemical Co. v. Walston,* 187 N. C., 817, 123 S. E., 196; *Holt v. Lynch,* 201 N. C., 404, 160 S. E., 469; *Creech v. Wilder,* 212 N. C., 162 (166), 193 S. E., 281; 19 C. J., 593, sec. 410.   She has the usual title and rights, subject to the usual burdens, incident to a life estate. It is subject to be sold under execution, to assessment for taxation, to forfeiture for waste, and the like.

The seizin of a widow of the lands allotted to her as dower is considered as a continuation of her husband's, as derived from him and not from the heir.   9 R. C. L., 594.   A widow's life estate by virtue of her dower right is nothing more than an elongation of the husband's estate. *Everett v. Newton,* 118 N. C., 919, 23 S. E., 961.

The statute, C. S., 3233, provides that whenever it appears by satisfactory proof that an actual partition of the lands held by tenants in common cannot be made without injury to some or all of the parties interested, the court shall order a sale of the property described in the petition.   In commenting upon this statute it is said in *Barber v. Barber,* 195 N. C., 711, 143 S. E., 469: "A tenant in common is entitled as a matter of right to partition of the land held in common, to the end that he may have and enjoy his share therein in severalty.   *Foster v. Williams,* 182 N. C., 632; *Haddock v. Stocks,* 167 N. C., 70; *Holmes v. Holmes,* 55 N. C., 334."   An admission in the pleadings that an actual partition of the lands cannot be made without injury to some or all of the parties interested eliminates the necessity for further proof of the fact.   When such admission is made in the pleadings the owner of an undivided interest is entitled as a matter of right to partition of said land to the end that he may hold and enjoy his said interest in severalty, and the court is authorized and empowered by statute, C. S., 3233, to order a sale of such land to the end that he may have such partition without injury to himself and to other parties to the proceedings, which would, upon the admission, result from an actual partition.   He cannot

be denied his rights because of interests which others claim in the property. *Barber v. Barber, supra.* This right is paramount.

The owner of an undivided interest in land cannot be denied his right to have a partition, or sale in lieu of partition, because of interests which others may own in the common property. *Barber v. Barber, supra.* "Where the land or the interests are such that partition cannot be actually had by division, the fact that one of the parties has only a life interest does not prevent its being sold for partition, since the interests of the remainderman need not be thereby endangered. 12 A. L. R., 646. The seizin of a husband who acquires title to land as a tenant in common is subject to the paramount right of his co-tenants to demand partition; and therefore his wife's right of dower in such land is subject to be defeated by a sale of such land in proceedings instituted by one of the co-tenants for a partition. 19 C. J., page 520.

Under the doctrine of equitable conversion, dower may be recovered from the cash produced by the sale of real estate. This occurs when the land has been sold under some right or claim which is superior to the rights of both husband and wife, but which does not affect the wife's right as against her husband and his heirs. 17 Am. Jur., page 685. The right of dower is not paramount to the right in the husband's co-tenants to compel a partition; nor does it interfere with his authority to make a voluntary partition. 17 Am. Jur., 691.

Partition may be brought by a tenant in fee of one moiety against a tenant for life of the other moiety, under the statute of Henry VIII, 2 Lester, 1015. And such is the received doctrine at this day. *McEachern v. Gilchrist,* 75 N. C., 196.

"In this country parties having limited interests, as for example, tenants for life or years, may have a partition in equity, as well as at law, in respect of their own interests only. But if a complete partition be desired all parties interested may be brought before the court, and all estates, whether in possession or expectancy, including those of infants and of persons not '*in esse*' may be bound by the decree. Adams Eq., 230-2; *Jackson v. Edwards,* 7 Paige, 386; *Horne v. Falloner,* 4 Dessau, 86." *McEachern v. Gilchrist, supra.*

The appellant's husband at the time of his death was seized of a one-eighth undivided interest in the property described in the petition. His interest in the land was subject to the superior right of each of the other co-tenants to have the property sold—it not being subject to actual division—to the end that he might hold his interest in severalty. Upon the death of the husband, his interest in said land having been assigned to his widow as dower, her estate therein was merely a prolongation or extension of his estate for the life of the widow. While her life estate is superior to that of creditors and others claiming through the husband,

she could not obtain an interest in the land superior to, or which would defeat the existing rights of, other co-tenants. The interest of the deceased husband as continued in the wife for life is subject to be sold at the instance of any one of the other co-tenants, in like manner and to the same extent the right existed prior to the death of the husband.

The North Carolina cases to which we are advertent, which are more nearly in point, are *Holley v. White,* 172 N. C., 77, 89 S. E., 1061; *Kelly v. McLeod,* 165 N. C., 382, 81 S. E., 455, in which it was held that the fact that a tenant in common is entitled to a homestead against the judgment, will not prevent a sale for partition and that his share of the proceeds of the sale will be reserved and his homestead right therein protected by proper decree. *Valentine v. Granite Corp.,* 193 N. C., 578, 137 S. E., 668, and *Barber v. Barber, supra,* in which it was held that a wife by virtue of her inchoate right to dower must be heard upon the confirmation of a sale for division and upon an order for the distribution of the proceeds, but that she cannot resist the right of a co-tenant for partition or sale for partition, nor challenge the power of the court to order a sale for partition.

The statute, C. S., 4105, *et seq.,* providing a method for the allotment of dower, was not intended to deprive the Superior Court of its equitable jurisdiction in respect thereto. *Efland v. Efland,* 96 N. C., 488, 1 S. E., 858; *Campbell v. Murphy,* 55 N. C., 359; *Jones v. Gerock,* 59 N. C., 190. Both dower and sales for partition are equitable in their nature and the court should make such orders and decrees as become necessary to do justice between the parties. *Weeks v. McPhail,* 129 N. C., 73, 39 S. E., 732; *Seaman v. Seaman,* 129 N. C., 293, 40 S. E., 41.

When this cause reached the civil issue docket the court had jurisdiction to review the rights of the parties under the principles of equity and to make such order as was necessary to do justice between the parties. There is no showing that the proceeds of the sale of dower will not produce for the appellant income equal to that she now receives from the property itself, or that she would otherwise suffer any harmful effects from a sale. On the contrary, if the property is sold subject to dower in a one-eighth undivided interest in the property this will tend, in all probability, to materially depress the price and result in serious injury to the other co-tenants without commensurate benefit to the appellant.

The judgment of the court below may be sustained on the theory that it was necessary to protect the rights of the other co-tenants and prevent an unnecessary loss to them and to do justice between the parties.

So far, we have dealt with the controversy without regard to the evidence which tended to show that the appellant's dower interest in said land has become merged in the fee. It appears that after dower was

allotted to her she purchased the remainder in the one-eighth interest so allotted. Can she now claim any interest in the land as dowager?

Merger is the absorption of one estate in another, and takes place usually when a greater estate and a less coincide and meet in one and the same person without any intermediate estate, whereby the less is immediately merged or absorbed in the greater. To constitute a merger it is necessary that the two estates be in one and the same person at one and the same time and in one and the same right. 10 R. C. L., page 666. Generally, if a life estate and the remainder, reversion, or the like, become united in the same person the life estate is merged. Thus, . . . when a life tenant or lessee for years acquires the fee in remainder or reversion, or if the life tenant and the fee are both conveyed to a third person the estates are merged. 10 R. C. L., 667. Whenever a greater estate and a less coincide and meet in one and the same person, without any intermediate estate, the less is immediately annihilated, or, in the law phrase, it is said to be merged, that is, sunk or drowned in the greater. Thus, if there be tenant for years and the reversion in fee simple descends to or is purchased by him the term of years is merged in the inheritance and shall never exist any more. But they must come to one and the same person in one and the same right. Blackstone's Commentaries, Vol. 2, page 177.

The appellant, being the owner of a life estate in one-eighth of the property in controversy, acquired the remainder therein. The two estates were then vested in her at the same time in one and the same right. The life estate and the remainder immediately became merged and vested a fee simple title in her. "The same right" does not mean the same method of acquisition, but means that she claims both estates as her own and holds neither for another as trustee or otherwise. As the appellant at the time of the institution of this proceeding was the owner in fee of one-eighth undivided interest in the lands described in the petition she has lost any right that she may have had as dowager. The land, including the interest of the plaintiff, is subject to sale for partition among the tenants in common.

The rights of remaindermen to have the dower interest sold when it was allotted in lands formerly held by her husband under title of *sole seizin* is not presented or decided.

The judgment below is

Affirmed.

WINBORNE, J., took no part in the consideration or decision of this case.