WILSON & SHOBER v. THE BANK OF LEXINGTON and others.

*Practice--Motion--Parties to Action.*

1. Where a controversy between parties to an action has been determined, and the same is evidenced by appropriate entries on the docket, a motion of a third party to be made party plaintiff is not an apt time and should not be allowed.

2. This rule applies to an action against a bank, brought by a holder of its bills, in behalf of himself and all others who should make themselves parties plaintiff.

MOTION in the cause, heard at Fall Term, 1876, of GUIL-FORD Superior Court, before *Kerr, J.*

The plaintiffs brought this action in behalf of themselves and all other bill holders of the Bank of Lexington, (bills payable at the Bank of Graham,) who would come in and contribute to the expenses of the suit. The complaint was filed at Spring Term, 1873, and the defendants demurred. Upon hearing the demurrer the Court ruled in favor of defendants, and upon appeal to the Supreme Court, the judgment was reversed and cause remanded. No answer was ever filed by defendants, and the plaintiffs having been satisfied for their cause of action on the 9th of February, 1876, paid the costs to the Clerk who entered on the civil issue docket, as an entry in this action, "costs paid."

The case still appeared on the docket at Spring Term, 1876 and Fall Term, 1876. On the 21st of June, 1876, the plaintiffs, knowing at that time that the counsel of W. A. Williams, Cashier of the Bank of Charlotte, and Cyrus P. Mendenhall were preparing to present their petition to be made parties plaintiff, filed a retraxit in this action in the Clerk's office, submitting to nonsuit and dismissing the action; and in about thirty minutes thereafter, said Williams and Mendenhall through their counsel did present their pe-

titions to His Honor at Chambers, asking to be made par-ties plaintiff. And it appearing that they were creditors of defendant, the Court allowed the motion. Upon call of the case at Fall Term, 1876, the defendants insisted that the action had been ended and was improperly on the docket. His Honor refused to dismiss the case, but held that said Williams and Mendenhall as parties plaintiff might take further proceedings in the action as creditors of the defend-ants, from which ruling the defendants appealed.

*Mr. J. T. Morehead*, for plaintiffs.

*Messrs. Dillard & Gilmer* and *Gray & Stamps*, for defend-ants.

PEARSON, C. J. The plaintiffs having been satisfied for their cause of action on the 9th of February, 1876, paid the costs of this action into the Clerks office, who entered on the civil issue docket as an entry in this action, "costs paid." The case was then at an end, for there was no longer any matter of controversy between the parties, and it was the duty of the plaintiffs to have directed the Clerk to enter on his docket, "action compromised," "dismissed," "retraxit," "nonsuit," or any other appropriate entry to put the case off the docket.

This entry could have been made without any order of the Court, and as a mere matter of course, to show that the action was at an end. The plaintiffs having neglected to have the entry made on the 9th of February, had the same right to have it done on the 21st of June, 1876.

The counsel of Williams and Mendenhall concede that this would be so in an ordinary action, but they insist that this action stands on a different footing because it was brought as much in behalf of the other "bill holders" as of Wilson & Shober ; and they take the ground that Wilson & Shober had no right to compromise and dismiss the action,

and at all events they had no right to do so after notice that Williams and Mendenhall were taking steps to make.themselves parties plaintiff. Wilson & Shober at the commencement of the action invited the other bill holders to join them and come in for a share of the money and contribute to the expenses of the suit. Williams and. Mendenhall and the other bill holders stood aloof and allowed Wilson & Shober alone to carry a doubtful and expensive action through the Superior and Supreme Courts. If after obtaining an expression of opinion favorable to their rights, they saw proper to compromise, and agreed to pay the costs and dismiss the action on being paid what they claimed, it is not perceived on what ground Williams and Mendenhall could object to it. They had not accepted the proposal of Wilson & Shober to make it a common cause, nor were they out of pocket one cent. So Wilson & Shober were under no obligation to them, and it would have been with an ill grace and "looked mean" for them to have attempted to put any difficulties in. the way of Wilson & Shober's right to end the case and make such arrangements for that purpose as they saw proper. The counsel feeling the pressure of these considerations fell back on the position, that Wilson & Shober, after notice that Williams and Mendenhall were hurrying up hasty proceedings in order to join them in the fight, were not warranted in having a formal "retraxit" or dismission of the case entered on the docket. The reply is, the fight was over, the defendants had surrendered, terms of surrender agreed on and carried into execution, with the exception that "a matter of course entry" had not been made on the docket.

The question is, did the fact that Wilson & Shober had notice that Williams and Mendenhall intended, and were taking the necessary steps to make themselves plaintiffs, have the legal effect of impairing the right of Wilson & Shober to carry out the arrangement which they had made with the defendants, by directing the Clerk to make an

4

AVERA *v.* McNEILL.

entry which was a mere matter of course? We think His
Honor erred in the view that he took of the matter, and that
the petition of Williams and Mendenhall ought to have been
dismissed, so as to give effect to the arrangement of Wilson
& Shober made with the defendants in the action. This
will be certified, &c.

PER CURIAM.                         Judgment reversed.