## C. M. JORDAN AND WIFE v. I. FRANK FAULKNER.

(Filed 24 March, 1915.)

1. **Tenants in Common—Judicial Sales—Sale for Division—Commissioner's Deed.**

   The deed of a commissioner to lands owned by tenants in common, given for a division, conveys to the purchaser the same title and estate as owned by the tenants in common, and operates as the deed from each and all of them.

2. **Tenants in Common—Partition—Judgment Creditors—Parties.**

   A partition sale, in the absence of statute laws, does not free the lands from preëxisting liens, and judgment creditors of one of the tenants are not necessary parties to the proceedings.

3. **Same—Proceeds of Sale—Payment of Liens.**

   Prior encumbrancers or judgment creditors, whose liens on the interest of an insolvent tenant in common in lands has been docketed before proceedings for partition, may not as interpleaders in the proceedings compel the commissioner, who has sold the lands for division among the tenants, to pay over the share of the proceeds of their judgment debtor to them, to be applied to the satisfaction of their liens.

APPEAL by defendant from *Daniels, J.,* at December Term, 1914, of LENOIR.

Petition in the cause. From the order made by his Honor, continuing the restraining order to the hearing and refusing to order the payment to the defendant Faulkner of certain money in the hands of a commissioner, the defendant appealed.

Certain interpleaders, W. C. Fields, John G. Cox, and others named in their interplea, asked that the funds in the hands of the commissioner be applied to the payment of certain judgments against the defendant.

*McLean, Varser & McLean, G. G. Moore* for interpleaders, appellees.
*W. D. Pollock, G. V. Cowper,* and *R. H. Lewis, Jr.,* for defendant,
appellant.

BROWN, J. In this proceeding a decree was entered directing the sale
of certain lands for partition among the plaintiffs and the defendant.
Before the commencement of this proceeding certain of the interpleaders
had obtained judgments against the defendant Faulkner, which were
duly docketed in the Superior Court of Lenoir County.

A decree of sale was entered and the commissioner appointed to sell
the land. At the sale the two Mitchells, interpleaders, were the pur-
chasers of the land, the other interpleaders being the judgment creditors.

The sale was duly confirmed and the deed made to the purchasers by
the commissioners. The purchasers sold the land to one Clyde Cunning-
ham for $7,500, $1,500 over their bid.

Prior to the institution of this proceeding the homestead of the de-
fendant Faulkner had been legally allotted to him in lands other than
those sold in this proceeding. It is admitted that the defendant is in-
solvent. The interpleaders asked that that part of the proceeds of the
sale belonging to the defendant Faulkner be applied to the payment of
the said judgments, or as much as may be necessary. It is admitted that
the purchasers of the property had full knowledge of the docketed judg-
ments before the confirmation of the sale.

We are of opinion that his Honor erred in continuing the restraining
order and refusing to direct the payment of the share of the funds be-
longing to the defendant to him. Under our statute, Revisal, sec. 2512,
the deed of the commissioner conveyed to the purchaser "such title and
estate in the property as the tenants in common had."

The deed of the commissioner, by virtue of the partition proceedings,
is in law the conveyance of all the parties, and vests in the grantee the
same title and rights as would other conveyance equally comprehensive
in terms. 30 Cyc., 287 (B).

In many States the statutes provide that a partition sale frees the
land from all preëxisting liens, and deprives the lien holder of all reme-
dies save that of seeking payment out of the proceeds of sale. 30 Cyc.,
210.

Such is not the statute law of this State, and in the absence of such
statutes, requiring this to be done, it cannot be affirmed that encum-
brancers or judgment creditors of an individual parcener are necessary
parties to the partition proceeding.

It was early held in this State that "Where slaves, on the petition of
owners, have been ordered to be sold for a division, one who was no
party to the petition, but claimed by a lien, under an execution against

one of the petitioners before the sale, has no right to apply to the court to have the share of such petitioner in the proceeds paid over to him." *In re Harding,* 25 N. C., 320; *Harding v. Spivy,* 30 N. C., 63.

It seems to be generally held, in the absence of such statutes, that lien holders are not necessary parties in partition proceedings, and have no right to intervene after final judgment. 30 Cyc., 229.

It is said in 24 Cyc., p. 62: "The purchaser at a judicial sale takes the property subject to whatever liens and encumbrances exist thereon at the time of the attaching of the lien under which the property is sold, and cannot have the proceeds of sale applied to discharge such liens.

In *Roberts v. Hughes,* 25 Am. Rep., 270, it is held by the Supreme Court of Illinois that, "In the absence of fraud, or misrepresentation, the purchaser at a judicial sale takes, subject to prior judgment and encumbrances, and must bear the loss, if any ensues."

In *Vaughan v. Clark,* 5 Neb., 238, it is held that "A purchaser at a judicial sale, under a decree of foreclosure, takes the property subject to whatever liens may exist thereon at that time."

In *Zeigler v. His Creditors,* the Supreme Court of Louisiana holds: "Where a tutor holding an undivided interest in real estate purchases the entire property at a judicial sale in partition proceedings, a tutorship mortgage affecting at the time of the sale the tutor's undivided interest in the property, remains unaffected by the sale." 49 La. Ann., 144.

We might cite other authorities, but it is unnecessary. The cause is remanded to the Superior Court of Lenoir County with directions to enter a decree that the commissioner pay over to the defendant Faulkner his share of the proceeds of sale. The costs of this Court will be taxed against the interpleaders.

Reversed.