GEORGE M. HOLLEY v. W. P. WHITE ET ALS.

(Filed 27 September, 1916.)

**Partition of Lands—Sales—Lienors—Parties—Appeal and Error.**

> In proceedings to sell lands for partition among tenants in common, judgment creditors of the individual tenants, and their mortgagees, having liens on the lands to the extent of their interests, are proper parties to the proceedings; and where such lienors have been made parties thereto, and the trial judge has dismissed the action as to them, it is reversible error. The distinction between proper and necessary parties pointed out by BROWN, J.

PETITION for sale for partition, heard by *Stacey, J.,* at February Term, 1916, of BERTIE.

The court being of opinion that certain judgment creditors and mortgagees, who held liens upon the undivided land, were improperly made defendants, dismissed the action as to them. To this ruling the plaintiff excepted and appealed. The court then decreed a sale of the land for partition among the tenants in common, all of whom are parties.

*John W. Davenport* for plaintiff.
*J. B. Martin, Winborne & Winborne* for defendants.

Brown, J. The plaintiff owns two-ninths of the land and the other tenants in common one-ninth each. Certain of these latter have executed mortgages on their undivided interests, and judgments have been docketed against others constituting liens on their respective shares. The decree for the sale of the land is acquiesced in by all the tenants in common, and the only matter for review is the propriety of dismissing the action as to the mortgagees and judgment lienors.

It is true, we decided in *Jordan v. Faulkner,* 168 N. C., 466, that judgment creditors of a tenant in common are not necessary parties to a partition proceeding, but we have nowhere held that they are not proper parties. There is a recognized distinction.

If they are not parties, the purchaser buys subject to such liens. The fact that a tenant in common is entitled to a homestead against the judgment cannot prevent a sale for partition. *Kelly v. McLeod,* 165 N. C., 385. His share of the proceeds of the sale will be reserved and his homestead right therein protected by a proper decree.

The point presented here was not decided in *Jordan v. Faulkner, supra.* In that case some of the tenants in common filed the petition for partition, making the other tenants in common defendants. One of these defendants had judgment creditors, but they were not made parties defendant by the petitioner. A sale was ordered, and the judgment creditors became the purchasers, and then interpleaded, asking that they be allowed to retain such part of the purchase money from the share of this tenant in common as would satisfy the judgment, or protect their rights therein. The Court simply holds in the opinion that they cannot interplead after judgment; that they purchased the lands with knowledge of the docketed judgments, buying the rights, title, and interest of said defendant, and cannot then come in and interplead and protect themselves. The judgment creditors not being parties to proceeding, only such interest as belonged to the parties has passed at the sale.

That case is, therefore, no authority for the position that mortgagees and other lienors may not be made parties. It may be very advisable to do so in the inception of the proceeding, so the purchaser may acquire an unencumbered title. Such course undoubtedly tends to enhance the price of the land. Intending purchasers will likely bid more for property when they know they are getting a perfect title freed from all encumbrances, the amount of which they probably do not know. The better practice undoubtedly is to make all mortgagees and lienors parties in foreclosure and other proceedings wherein land is to be exposed to a judicial sale.

The reasons are well stated by *Justice Walker* in *McKeel v. Holloman,* 163 N. C., 134: "The Code provides that any person may be made a party who has or claims an interest in the controversy adverse to the

plaintiff, or whose presence is necessary to a complete determination or settlement of the questions involved therein, and any person claiming title or right of possession to real estate may be made a party, as the case may require, to any such action. Revisal, sec. 410. It would be strange if it were not so under our wise and liberal system of procedure, which seeks to settle all controverted matters in one action and without circumlocution; and, further, it is better for all parties concerned that it should be so, in an action of this kind, in order that a good title to the land may be sold, as it secures a better price."

While it is not necessary to make such lienors defendants in this proceeding, the plaintiff had a right to do so, and the court erred in dismissing the proceeding as to them.

Error.