## J. P. ROSTAN v. MRS. KATHERINE HUGGINS.

(Filed 1 November, 1939.)

**1. Quieting Title § 1: Mortgages § 30g—**

The purchaser of land from one tenant in common after the land had been allotted to the tenant in a special proceeding for partition may maintain a suit to restrain foreclosure of a mortgage executed by the other tenant in common prior to partition when the mortgagee advertises and seeks to sell a one-half interest in the entire tract, since such foreclosure would constitute a cloud on the purchaser's title. Michie's N. C. Code, 1743.

**2. Contracts § 8—**

Pertinent public statutes enter into and form a part of a contract as if they were expressly referred to or incorporated in its terms, or at least contracts will be deemed to have been made in contemplation of the law.

**3. Partition § 4—Mortgagee of one tenant in common is not a necessary party to special proceedings to partition the land.**

One of the tenants in common owning a one-half undivided interest in the lands in question executed a mortgage on his undivided interest. Thereafter the lands were divided between the tenants in common in a special proceeding for partition in which the mortgagee was not made a party or given notice. *Held:* While the mortgagee was a proper party, she was not a necessary party to the partition proceedings, and upon partition her lien attached only to the land allotted to her mortgagor, since it will be deemed that the instrument under which she claims was executed in contemplation of the statutory right to partition, Michie's N. C. Code, 3215, 3219, and she is bound thereby, even though she was not a party to and had no notice of the partition proceedings.

APPEAL by defendant from *Warlick, J.,* at Chambers, 2 August, 1939. From BURKE. Affirmed.

The facts set forth in the complaint, and admitted by the demurrer, are briefly as follows: The plaintiff purchased a tract of land from the heirs at law of Corinna Berry Crees on 19 December, 1936, which tract of land had been allotted to the said Corinna Berry Crees in a special partition proceeding on 10 November, 1932. Prior to the institution of the partition proceeding between the two tenants in common, Corinna Berry Crees and Wilson W. Berry, the co-tenant, Wilson W. Berry, on 16 May, 1929, made, executed and delivered to the defendant a mortgage deed purporting to convey a one-half undivided interest in the common property of six and one-half acres and nine poles. The mortgagee (defendant) was not made a party to the special proceeding for partition. The commissioners appointed in the partition proceedings allotted to the predecessor in title, Corinna Berry Crees, the tract

of land described in section 2 of the complaint, and allotted to the defendant's mortgagor, Wilson W. Berry, approximately two and one-half acres. · Defendant, under the terms of her mortgage, advertised for sale a one-half undivided interest in the six and one-half acres and nine poles tract, of which tract the plaintiff had purchased four acres, and the defendant was restrained from selling said undivided interest for the reason that it would operate as a cloud upon the title of the plaintiff.

The court below rendered the following judgment: "The above entitled caused coming on to be heard, before his Honor, Wilson Warlick, Judge of the 16th Judicial District of North Carolina, at Chambers in the city of Newton, and being heard, and it appearing to the court that a temporary restraining order was signed by his Honor, S. J. Ervin, Jr., Special Judge of the Superior Court of North Carolina, on the 15th day of July, 1939, returnable before the undersigned at 2 o'clock p.m., on the 5th day of August, 1939, in the city of Newton, and that by consent of plaintiff and defendant the time for hearing was advanced to 4 o'clock p.m., on this date, to wit: August 2, 1939, and the parties being represented by counsel and the defendant having filed demurrer to the complaint and moved to dismiss the action and to dissolve the restraining order, and the court being of the opinion that the demurrer is not well taken and should be overruled: It is, therefore, ordered, adjudged and decreed that the demurrer of the defendant be, and the same is, hereby overruled, and the restraining order heretofore issued aforementioned is continued to the hearing and the defendant is allowed thirty days hereafter to file answer. This 2nd day of August, 1939. Wilson Warlick, Judge of the 16th Judicial District of North Carolina."

To the signing of the foregoing order and judgment overruling the demurrer and continuing the restraining order to the hearing, the defendant excepted, assigned error and appealed to the Supreme Court. Other necessary facts will be set forth in the opinion.

*Ervin & Butler for plaintiff.*
*M. M. Redden for defendant.*

CLARKSON, J. The prayer of plaintiff is for a restraining order and permanent injunction to remove a cloud on the title of certain lands of plaintiff. The demurrer of defendant to the complaint, in part, is as follows: "The defendant demurs to the complaint of the plaintiff for that said complaint has not alleged sufficient facts to constitute a cause of action against the defendant, in that it appears upon the face of the complaint: That at the time of the partition proceedings alleged in the complaint the defendant was the owner of a valid and outstanding mortgage deed, executed by a tenant in common, conveying an undivided

interest in said property, and that the defendant, as mortgagee, had no notice of, or was not made a party to, the partition proceedings, and that said mortgage deed was duly recorded in Burke County prior to the institution of said proceedings," etc.

The court below overruled the demurrer and continued the restraining order to the hearing. In this we can see no error. We think the action will lie.

N. C. Code, 1935 (Michie), sec. 1743, in part, is as follows: *"Titles quieted.* An action may be brought by any person against another who claims an estate or interest in real property adverse to him for the purpose of determining such adverse claims," etc. *Vick v. Winslow,* 209 N. C., 540 (542).

Corinna Berry Crees and Wilson W. Berry owned a small tract of land, six and one-half acres and nine poles, as tenants in common. In a special proceeding for partition, Corinna Berry Crees and husband, Henry Crees, against Wilson W. Berry, on 10 November, 1932, four acres of the tract were allotted to Corinna Berry Crees. Plaintiff obtained this land through a deed made by Russell Berry, commissioner in a special proceeding by the heirs of Corinna Berry Crees, dated 19 December, 1936. On 16 May, 1929, Wilson W. Berry made, executed and delivered to the defendant a mortgage deed purporting to convey a one-half undivided interest in the common property of six and one-half acres and nine poles.

The main question involved in this controversy: Is the mortgagee of one tenant in common a necessary party to a proceeding for partition among tenants in common when the mortgage in question is executed by one tenant in common for his individual indebtedness upon an undivided interest in the common property? We think not.

When the defendant took her mortgage for a one-half interest in the common property, 16 May, 1929, the following statutes were in effect:

N. C. Code, *supra,* sec. 3215: "One or more persons claiming real estate as joint tenants or tenants in common may have partition by petition to the Superior Court."

Sec. 3219, in part: "The Superior Court shall appoint three disinterested commissioners to divide and apportion such real estate, or so much thereof as the court may deem best, among the several tenants in common or joint tenants."

A partition was had between the tenants in common whose land is involved in this controversy.

It is well settled that pertinent public statutes enter into and form a part of a contract as if they were expressly referred to or incorporated in its terms. At least such contracts must be understood to have been made in contemplation of the law. *Bateman v. Sterrett,* 201 N. C., 59

(62); *Spain v. Hines,* 214 N. C., 432 (437). Tenants in common are allowed to partition their lands and the statute was in effect when defendant took her mortgage. Her rights were subordinate to the statute and her mortgage attached to the land of her mortgagor, tenant in common after it was regularly allotted under the statute. She is bound by a special proceeding for division of lands by partition among tenants in common when not a party to the proceeding and had no notice thereof.

In *Barber v. Barber,* 195 N. C., 711 (712), we find: "A tenant in common is entitled as a matter of right to partition of the land held in common, to the end that he may have and enjoy his share therein in severalty. *Foster v. Williams,* 182 N. C., 632; *Haddock v. Stocks,* 167 N. C., 70; *Holmes v. Holmes,* 55 N. C., 334."

In the *Barber case, supra,* it is further held: "The right of a tenant in common to have the lands sold for a division, C. S., 3215, cannot be defeated by a trust creating an interest in the lands by another of the tenants." See *Jenkins v. Strickland,* 214 N. C., 441; *Gibbs v. Higgins,* 215 N. C., 201; *Trust Co. v. Watkins,* 215 N. C., 292.

"A mortgagee of an undivided half of a parcel of land does not become a tenant in common with the owner of the other half until his title has become absolute by a complete foreclosure. Before that time the mortgage is only a lien, and the estate is to be dealt with as belonging to the mortgagor. For the same reason, until foreclosure is complete, the mortgagees to whom possession has been surrendered by the mortgagor cannot maintain a petition for a partition. A mortgage of an undivided interest in a specified parcel of land is invalid as against the cotenants of the mortgagor. They may obtain a partition of the land without regard to the mortgage; and if it cannot be conveniently divided between all of the codefendants, a sum of money may be awarded to the mortgagor for his share of the property." Thompson on Real Property, Vol. 2, sec. 1772.

The general principle of law is stated in 47 C. J., "Partition," sec. 260: "While there is some authority to the contrary, the better view is that, in the absence of some positive statutory requirement, mortgagees of undivided interests in land sought to be partitioned are not necessary parties," etc. Sec. 261: "It has very generally been held that, in the absence of statute providing otherwise, one holding a lien by mortgage of the entire premises sought to be partitioned is not a necessary party, since his rights are not affected by the partition," etc.

In 20 R. C. L., part sec. 41 (p. 758), we find: "If an encumbrance or lien exists against any of the co-tenants, the effect of the partition is to transfer it to the lot set off to him to be held in severalty. Hence, an

encumbrancer, in the absence of some statute making him so, is not a necessary party to a suit for partition."

In *Holley v. White,* 172 N. C., 77, it is held: In proceedings to sell lands for partition among tenants in common, judgment creditors of the individual tenants, and their mortgagees, having liens on the lands to the extent of their interests, are proper parties to the proceedings; and where such lienors have been made parties thereto, and the trial judge has dismissed the action as to them, it is reversible error. The distinction between proper and necessary parties was there pointed out by *Brown, J.* At p. 78, it is said: "It is true, we decided in *Jordan v. Faulkner,* 168 N. C., 466, that judgment creditors of a tenant in common are not necessary parties to a partition proceeding, but we have nowhere held that they are not proper parties. There is a recognized distinction. If they are not parties, the purchaser buys subject to such liens. The fact that a tenant in common is entitled to a homestead against the judgment cannot prevent a sale for partition. *Kelly v. McLeod,* 165 N. C., 385. His share of the proceeds of the sale will be reserved and his homestead right therein protected by a proper decree. . . . The case is, therefore, no authority for the position that mortgagees and other lienors may not be made parties. It may be very advisable to do so in the inception of the proceeding, so the purchaser may acquire an unencumbered title. Such course undoubtedly tends to enhance the price of the land. Intending purchasers will likely bid more for property when they know they are getting a perfect title freed from all encumbrances, the amount of which they probably do not know. The better practice undoubtedly is to make all mortgagees and lienors parties to foreclosure and other proceedings wherein land is to be exposed to a judicial sale. . . . (p. 79.) While it is not necessary to make such lienors defendants in this proceeding, the plaintiff had a right to do so, and the court erred in dismissing the proceeding as to them."

Although mortgagees are proper parties, they are not necessary parties. The instant case does not involve a determination as to whether mortgagees are proper parties in a partition proceeding.

In *East Coast Cedar Co. v. People's Bank of Buffalo, N. Y.,* 111 F., 446, 450, 49 C. C. A., 422, it was stated: "Lien creditors, if any exist, were not parties to this suit, nor were they necessary parties," citing *French v. Gapen,* 105 U. S., 509, 26 L. Ed., 951.

In *Gammon v. Johnson,* 126 N. C., 64 (65), is the following: "In general all encumbrancers, whether prior or subsequent encumbrancers, as well as the mortgagor, should be parties to a proceeding for foreclosure, and judgment creditors as well as mortgagees. *Hinson v. Adrian,* 86 N. C., 61; *LeDuc v. Brandt,* 110 N. C., 289." *Jones v. Williams,* 155 N. C., 179 (185); *Beaufort County v. Mayo,* 207 N. C., 211.

The above is the well settled law in this State in regard to foreclosure proceedings. Partition is on a different footing. It may be wise in an action for partition to make all lienors parties. If so made, the proceeding cannot be dismissed and they become proper but not necessary parties.

For the reasons given, the judgment of the court below is

Affirmed.