JOHN WASHBURN, SR., AND WIFE, SARAH H. WASHBURN, BOBBY JEAN WASHBURN AND WIFE, GERTRUDE B. WASHBURN, RACHEL WASHBURN BRIDGES AND HUSBAND, HAROLD BRIDGES, AND ANN WASHBURN (SINGLE), v. JOHN WASHBURN, JR. (SINGLE), MINOR; BETTY WASHBURN (SINGLE), MINOR; AND PATRICIA WASHBURN (SINGLE), MINOR.

(Filed 31 October, 1951.)

**1. Partition § 4a: Judgments § 23—**

The holders of judgment liens on the undivided interest of a tenant in common, while proper parties, are not necessary parties to a proceeding to partition the land by sale, but when not made parties the purchaser at the partition sale takes the land subject to the judgment liens which are not affected in any degree by the partition sale. G.S. 46-30.

**2. Partition § 4e—**

Holders of judgment liens on the undivided interest of a tenant in common who are not made parties to the proceedings for sale for partition may not interfere after final decree of sale to have the debtor's share of the proceeds paid to them and may not maintain that the officer making the sale committed a wrong against them by distributing the proceeds of sale in conformity with the decree without applying their debtor's share to the payment of the judgment liens.

APPEAL by petitioners, defendants, and Joseph M. Wright, Commissioner, from *Phillips, J.*, at the July Term, 1951, of the Superior Court of CLEVELAND County.

Proceeding to partition land by sale heard upon a motion in the cause.

When the record is properly interpreted, it reveals these salient facts:

1. Bobby Jean Washburn, Rachel Washburn Bridges, Ann Washburn, John Washburn, Jr., Betty Washburn, and Patricia Washburn owned certain land in Cleveland County, North Carolina, as tenants in common, subject to the life estate of their father, John Washburn, Sr., as tenant by the curtesy.

2. These judgments were docketed in the office of the clerk of the superior court of Cleveland County in such manner as to constitute liens on the interest of John Washburn, Sr., as life tenant in the land: (1) Judgment in favor of C. S. Thompson and against John Washburn, Sr., for $65.45, docketed March 1, 1948; (2) judgment in favor of Alfred Eskridge and Charles L. Eskridge, trading as Eskridge Oil Company, and against John Washburn, Sr., for $36.26, docketed 26 July, 1949; (3) judgment in favor of George D. Washburn and S. Max Washburn, trading as Cleveland Hardware Company, and against John Washburn, Sr., for $53.09, docketed 29 August, 1949; and (4) judgment in favor of Charles W. Washburn, trading as Washburn Coal and Oil Company, and against John Washburn, Sr., for $39.09, docketed 23 April, 1951.

3. On 16 December, 1950, the petitioners, John Washburn, Sr., Bobby Jean Washburn, Rachel Washburn Bridges, and Ann Washburn, brought this proceeding against the defendants, John Washburn, Jr., Betty Washburn, and Patricia Washburn, before the clerk of the superior court of Cleveland County to sell the land for partition under Article 2 of Chapter 46 of the General Statutes. The petitioners, Sarah H. Washburn, Gertrude B. Washburn, and Harold Bridges, united in the proceeding to manifest their consent to the partition sale, and the petitioner, John Washburn, Sr., joined in the proceeding to obtain the value of his life estate out of the proceeds of the partition sale. The defendants, who are infants, have been represented by their guardian *ad litem,* Bynum E. Weathers, at all stages of the proceeding. The judgment creditors of John Washburn, Sr., were not made parties to the proceeding.

4. The clerk entered a decree in the proceeding designating Joseph M. Wright a commissioner to sell the land for partition and specifying that the petitioner, John Washburn, Sr., was to receive the value of his share as life tenant out of the proceeds of the sale. The commissioner sold the property and made report of that fact with full particulars to the clerk who, on 7 May, 1951, rendered a final decree confirming the sale and directing the commissioner to execute a conveyance to the purchaser and to partition the net proceeds of the sale, to-wit, $913.62, among the parties according to their respective interests in them. At that time John Washburn, Sr., was 42 years of age.

5. The commissioner forthwith collected the sale price of the land and executed a conveyance to the purchaser. On 10 May, 1951, John Washburn, Sr., signed a document which recited, in substance, that he quitclaimed to his children any interest in the proceeds of the partition sale in excess of $75.00. On the following day, Joseph M. Wright, Commissioner, filed his final account with the clerk, showing that he had disbursed $75.00 out of the net proceeds of the partition sale to John Washburn, Sr., "in settlement of curtesy," and had divided the remainder of such net proceeds, to-wit, $838.62, equally among Bobby Jean Washburn, Rachel Washburn Bridges, Ann Washburn, John Washburn, Jr., Betty Washburn, and Patricia Washburn. The commissioner effected such division by paying the sums allotted to the three adults, Bobby Jean Washburn, Rachel Washburn Bridges, and Ann Washburn, directly to them, and by delivering the sums assigned to the three infants, John Washburn, Jr., Betty Washburn, and Patricia Washburn, to the clerk of the superior court of Cleveland County for the use of such infants. John Washburn, Sr., has been insolvent since the events described in this paragraph.

6. Although they did not seek or obtain leave of court to intervene in the proceeding, the judgment creditors of John Washburn, Sr., appeared

before the clerk on 6 June, 1951, and filed a motion in the cause wherein they asserted that the share of John Washburn, Sr., in the proceeds of the partition sale constituted the major portion of such proceeds; that such share was subject to the liens of their judgments because the partition sale had automatically transferred such liens from the interest of John Washburn, Sr., in the land to his share in the proceeds of the sale of the land; and that in consequence the commissioner had committed a legal wrong against the judgment creditors by disbursing the share of John Washburn, Sr., in the proceeds of the partition sale to John Washburn, Sr., and his children instead of applying or securing them to the satisfaction of their judgments. The judgment creditors prayed that the final account of the commissioner "be stricken out and that the commissioner be directed to file a proper settlement showing disbursement in accordance with the rights of the parties, including the lien holders . . . as well as . . . the other parties in interest."

7. On 21 June, 1951, the clerk made an order setting aside the final account of the commissioner "for mistake in not paying from the curtesy right in said estate judgment creditors of John Washburn, Sr.," and directing the commissioner to file "an amended settlement in accordance with this order." The original parties to the proceeding and the commissioner, who resisted the motion of the judgment creditors, appealed from the order of the clerk to the judge, and the judge affirmed the order of the clerk in a judgment which directed the commissioner to file "an amended and proper settlement showing disbursements in accordance with the rights of the parties, including the lien holders, to-wit, C. S. Thompson, Alfred Eskridge and Charles R. Eskridge, George D. Washburn and S. Max Washburn, and Charles W. Washburn, as set out in the . . . motion in this cause." The original parties to the proceeding and the commissioner excepted to the judgment of the judge and appealed to the Supreme Court, assigning error.

*Reuben L. Elam for the petitioners, appellants.*

*Bynum E. Weathers for the guardian ad litem of the defendants, appellant.*

*Joseph M. Wright for the commissioner, appellant.*

*L. T. Hamrick and Falls & Falls for the judgment creditors, appellees.*

ERVIN, J. The judge was undoubtedly prompted to enter his judgment by quotations from various texts appearing in the opinion in *Edmonds v. Wood,* 222 N.C. 118, 22 S.E. 2d 237. These quotations state, in substance, that a partition purchaser takes title to real property free of judgment liens against the interest of one of the co-owners and that such judgment liens are transferred to the judgment debtor's share of

the proceeds of the partition sale, even though the judgment creditors. are not parties to the proceeding for partition.

A scrutiny of the texts cited reveals that the statements embodied in the quotations are based on decisions of courts in other jurisdictions having statutes which provide in varying phraseology that a partition sale frees the land from all preexisting liens, and deprives the lien holders of all remedies save that of seeking payment out of the proceeds of sale. Inasmuch as the supposed judgment lien involved in the *Edmonds case* had been extinguished by the satisfaction of the underlying judgment, the statements incorporated in the quotations from the texts were unnecessary to the determination of that case, and must be regarded as *obiter dicta.*

The statements under scrutiny are, indeed, in direct conflict with the North Carolina statute, which describes the title acquired by a partition purchaser. Such statute specifies that "the deed of the officer or person designated to make such sale shall convey to the purchaser such title and estate in the property as the tenants in common, or joint tenants, (and all other parties to the proceeding) had (therein)." G.S. 46-30. The words embraced in the two parentheses were inserted in the statute by Chapter 719 of the 1949 Session Laws, and are in complete harmony with the earlier decisions of the Supreme Court relating to the question now under consideration.

These decisions establish these propositions:

1. The holders of judgment liens on land sought to be partitioned or on undivided interests in such land are not necessary parties to a proceeding to partition the land by sale. *Holley v. White,* 172 N.C. 77, 89 S.E. 1061; *Jordan v. Faulkner,* 168 N.C. 466, 84 S.E. 764; *Matter of Harding,* 25 N.C. 320. But they are proper parties to such proceeding. *Holley v. White, supra.*

2. The partition purchaser takes the land subject to the judgment liens of creditors not made parties to the partition proceeding. *Holley v. White, supra; Jordan v. Faulkner, supra.*

3. Since they are in nowise affected by the partition sale, judgment creditors, who are not parties to the partition proceeding, have no right to apply to the court after final decree to have their debtor's share of the proceeds paid to them. *Holley v. White, supra; Jordan v. Faulkner, supra; Matter of Harding, supra.* Moreover, they cannot be permitted to intervene for such purpose after the officer or person making the partition sale has put an end to the proceeding by disposing of the proceeds of sale in conformity with the final decree. *Sanders v. May,* 173 N.C. 47, 91 S.E. 526; *Wilson v. Bank of Lexington,* 77 N.C. 47.

These things being true, it follows that the judge erred in rendering the judgment challenged by the appeal.

Inasmuch as they were not parties to the proceeding, the rights of the judgment creditors of John Washburn, Sr., were not affected in any degree by the partition sale. They retained their judgment liens on the interest of John Washburn, Sr., as tenant by the curtesy in the land sold for partition, and did not acquire any rights in his share of the proceeds of the sale. As a consequence, the commissioner committed no legal wrong against the judgment creditors by paying such share of the proceeds of the sale to John Washburn, Sr., and his appointees, i. e., his children. For present purposes, such payment was a substantial compliance with the order of the clerk directing payment of that share to John Washburn, Sr. It thus appears that the commissioner put an end to the proceeding before the attempted intervention of the judgment creditors by disposing of the proceeds of sale according to the final decree.

For the reasons given, the judgment is

Reversed.