An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA13-1320
NORTH CAROLINA COURT OF APPEALS

Filed: 5 August 2014

CHARLES E. TOWNSEND and wife,
MARY J. TOWNSEND,
     Petitioners,

v.                                    Guilford County
                                      No. 12 SP 555
CELESTINE L. SIMMONS, CITY OF
GREENSBORO, and CITIMORTGAGE,
INC.,
     Respondents.


        Appeal by Respondent from order entered 6 June 2013 by Judge Susan E. Bray in Guilford County Superior Court. Heard in the Court of Appeals 24 April 2014.

        *Celestine L. Simmons, Pro se.*

        *No brief filed by Petitioners.*


        DILLON, Judge.


        Celestine L. Simmons appeals from an order of the superior court affirming the clerk of court's order denying her petition to revoke the clerk of court's previous order confirming a sale, in lieu of partition, of certain real estate. For the following reasons, we affirm.

I. Factual & Procedural Background

Ms. Simmons and her brother Charles E. Townsend own a single-family residence in a residential neighborhood in Greensboro (the "Property") as tenants in common. Ms. Simmons lives in the Property. On 24 January 2012, Mr. Townsend and his wife, both of whom live out of state, commenced this proceeding seeking the judicial sale, in lieu of partition, of the Property. Mr. Townsend also named the City of Greensboro ("City") and CitiMortgage, Inc. ("CitiMortgage") as parties to this proceeding since they held security interests (the "Liens") in the Property. In his petition, Mr. Townsend alleged that due to the size and use of the Property, an actual partition of the Property could not be made without injury to him and Ms. Simmons and, therefore, requested an "order that the Property be sold" and that any net proceeds be divided between him and Ms. Simmons.

Ms. Simmons, CitiMortgage, and the City timely filed answers, and the matter came on for hearing before the Clerk of the Superior Court of Guilford County on 7 August 2012. On 15 August 2012, the clerk of court entered an order determining that Mr. Townsend was entitled to the requested relief and appointed a sales commissioner (the "Commissioner") to sell the

Property at public auction, but did not direct that the Property be sold subject to the Liens. Ms. Simmons appealed this order to the superior court.

On 7 December 2012, the superior court entered an order affirming the clerk of court's order "in all respects" and remanding the matter to the clerk of court for supervision of the sale of the Property.

On 21 December 2013, the Commissioner gave notice that the Property would be auctioned on 24 January 2013. In the notice, the Commissioner stated that the Property would be sold *subject to the Liens*.

On 24 January 2013, the Property was sold at public auction to BMS Investment Properties, LLC (BMS), "the last and highest bidder for the [Property] in the amount of [$2,500.00]." On 4 March 2013, the clerk of court entered an order confirming the sale to BMS, indicating that the sale was made subject to the Liens.

On 14 March 2013, Ms. Simmons filed a petition seeking revocation of the clerk's confirmation order. The clerk of court entered an order denying Ms. Simmons' petition on 9 April 2013. Ms. Simmons appealed to the superior court, which, by order entered 6 June 2013, affirmed the clerk of court's

decision to deny Ms. Simmons' petition.  From this order, Ms. Simmons appeals.

## II. Analysis

*Appellate Rules Violations*

Preliminarily, we note Ms. Simmons' failure to comply with several provisions our Rules of Appellate Procedure.  The "Statement of the Facts" section of Ms. Simmons' appellant brief is argumentative in violation of N.C.R. App. P. 28(b)(5) (providing that the statement of facts should consist of a "non-argumentative summary of all material facts").  Moreover, none of Ms. Simmons' arguments is preceded by the applicable standard of review, in violation of N.C.R. App. P. 28(b)(6) (providing that an appellant's arguments "shall contain a concise statement of the applicable standard(s) of review for each issue"), and, as indicated below, Ms. Simmons has failed to present authority and/or supportive reasoning for several of her arguments, *see id.* (providing that "[t]he body of the argument . . . shall contain citations of the authorities upon which the appellant relies").  Notwithstanding these deficiencies, however, we proceed to address the merits of Ms. Simmons' appeal.

*Merits of Ms. Simmons' Appeal*

Ms. Simmons argues that the superior court erred in affirming the clerk of court's order denying her petition to revoke confirmation of the sale of the Property to BMS.

"[A] tenant in common is entitled, as a matter of right, to the partition of the lands so that he may enjoy his share in severalty." *Kayann Properties, Inc. v. Cox*, 268 N.C. 14, 19, 149 S.E.2d 553, 556 (1966). "If, however, an actual partition cannot be made without injury to some or all of the parties interested, he is equally entitled to a partition by sale[.]" *Id.* at 19, 149 S.E.2d at 557 (citing N.C. Gen. Stat. § 46-22).

In this proceeding, Mr. Townsend sought a "partition by sale" in lieu of an actual partition. The procedure for conducting a "partition by sale" – as set forth in N.C. Gen. Stat. § 46-22 *et seq.* – places the burden on the owner seeking a sale in lieu of partition to show "by the preponderance of the evidence" that "an actual partition of the [property] cannot be made without substantial injury to any of the interested parties[.]" N.C. Gen. Stat. § 46-22(a); *Kayann*, 268 N.C. at 19, 149 S.E.2d at 557 (providing that "the burden is on him who seeks a sale in lieu of actual partition to allege and prove the facts upon which the order of sale must rest"). Here, the clerk of court determined that Mr. Townsend met his burden, stating in

a 2012 order that "[t]he nature and size of the Property is such that an actual partition thereof cannot be made without substantial injury to the parties [and that the] best interests of the parties would be promoted by a sale of the Property[.]" Further, Ms. Simmons has not appealed this 2012 order to this Court and has conceded in her brief that "an actual partition of the [] Property would have caused substantial injury to the [parties]."

Ms. Simmons does argue, however, that the clerk of court should have granted her petition to revoke the confirmation of the sale conducted by the Commissioner to BMS pursuant to N.C. Gen. Stat. § 46.28.1(a)(2)c. Specifically, our General Statutes provide that once the auction has taken place, the Commissioner may not deed the property to the successful buyer until the sale has been confirmed by the court. N.C. Gen. Stat. § 46-28. Our General Statutes further provide that even after a sale has been confirmed by the court, a party may still challenge the sale by petitioning the court to revoke confirmation of the sale within fifteen days of the confirmation order. N.C. Gen. Stat. § 46-28.1. However, a petition to revoke the confirmation of the sale must be based on one of the three grounds delineated in

N.C. Gen. Stat. § 46-28.1(a)(2).[1]  Moreover, the petitioning party bears the burden of demonstrating that the asserted ground for challenging the sale exists by a preponderance of the evidence.  N.C. Gen. Stat. § 46-28.1(d).  Accordingly, in the present case the burden was on Ms. Simmons to prove that the amount bid by BMS was inadequate and inequitable and would result in irreparable damage to her and Mr. Townsend.  *See Kayann*, 268 N.C. at 19, 149 S.E.2d at 557.

Ms. Simmons asserts that the bid of $2,500.00 for the Property was "inadequate and inequitable and will result in irreparable damage to [her and Mr. Townsend,]" since they remain liable for the mortgages on the Property and since "[n]o arrangements appear to have been made to pay off [the Liens] by the Purchaser [BMI]."  Ms. Simmons also asserts that Mr. Townsend's purpose in requesting a sale – rather than a partition – of the Property was to unencumber the Property and that, therefore, the "Property should have had a minimum starting bid of the amounts of liens, attorney fees, and any assessments."

---

[1] N.C. Gen. Stat. § 46-28.1(a)(1) provides an additional ground where the petition is filed by the successful bidder at the Commissioner's sale.

We are unpersuaded and conclude that the findings made by the clerk of court (and adopted by the superior court) concerning the Property adequately support the court's determination that the $2,500.00 sale price was fair and reasonable under the circumstances. The findings indicate that the Property had been listed for sale for approximately one year without attracting any offers from prospective buyers; that the Property's tax value of $160,000.00 was believed to exceed its market value and to be "substantially higher than other houses in the immediate neighborhood"; that the Property was in need of "substantial repairs" due in part to a mold contamination problem; that the Property was encumbered by two mortgages, a first deed of trust in favor of CitiMortgage in the amount of $58,000.00 and a second deed of trust in favor of City in the amount of $10,000.00; and that the parties had not presented any alternative that would have had the effect of increasing the bid amount at the public sale. We hold that these findings, none of which is contested by Ms. Simmons on appeal, *see In re Schiphof*, 192 N.C. App. 696, 700, 666 S.E.2d 497, 500 (2008) ("Unchallenged findings of fact are presumed correct and are binding on appeal."), support the confirmed sale price of $2,500.00.

We further note that the record is devoid of evidence to indicate that the Property – subject to the Liens – is worth substantially more than $2,500.00 in its current condition and that it was Ms. Simmons' burden to prove otherwise. It does not appear from the record that Ms. Simmons introduced any evidence concerning the value of the Property or that she requested the court to order an independent appraisal of the Property pursuant to the procedures set forth in N.C. Gen. Stat. § 46-28.1(d1) (permitting a party to request the court to "order an independent appraisal" where such an appraisal has not yet been introduced into evidence). Accordingly, this argument is overruled.

Ms. Simmons also argues that the procedure which allows the Liens to remain in place would cause "irreparable damage" to her and her brother. She argues that the Commissioner erred in selling the Property subject to the Liens; that she and her brother will remain liable for the debts which are secured by the Liens; and that BMI has no obligation to pay these debts. We agree with Simmons that the Commissioner erred in selling the Property subject to the Liens, where the lienholders were made parties to the proceeding and where the clerk did not direct the sale to be made subject to the Liens. However, we do not

believe that Ms. Simmons has met her burden of demonstrating precisely how this error caused her "irreparable damage."

Our Supreme Court has explained that while in other states the purchaser at a partition sale takes free of liens and encumbrances, our statutory regime provides that the purchaser takes only "such title and estate in the property as the tenants in common, or joint tenants, *and all other parties to the proceeding had therein.*" *Washburn v. Washburn*, 234 N.C. 370, 373, 67 S.E.2d 264, 266 (1951) (quoting N.C. Gen. Stat. § 46-30) (emphasis added and parentheses omitted). In other words, when a lienholder is made a party to the proceeding, N.C. Gen. Stat. § 46-30 provides that the purchaser takes the interests in the property that the lienholder had such that the lienholder loses its lien on the property. Accordingly, where lienholders are *not* made parties to the sale in lieu of partition proceeding, their lien rights are unaffected by the partition sale; but, in such a case, the lienholders have no right in the proceeds from the sale since they retain their lien rights in the property.

Our Supreme Court has explained that while lienholders are not necessary parties to a proceeding where a tenant in common seeks a sale in lieu of partition, *Holley v. White*, 172 N.C. 77, 78, 89 S.E. 1061, 1062 (1916), "the better practice undoubtedly

is to make all mortgagees and lienors parties" so that "[i]ntending purchasers will likely bid more for property when they know they are getting a perfect title freed from all incumbrances the amount of which they probably do not know." *Id.; see also Rostin v. Huggins*, 216 N.C. 386, 390, 5 S.E.2d 162, 165-66 (1939).

In the present case, the holders of the Liens, CitiMortgage and the City, were named parties to this proceeding. The clerk of court ordered the Commissioner to sell the Property, but did not order that the Property be sold subject to the Liens. The Commissioner, though, erred by indicating in its notice of sale that the Property was being sold subject to the Liens. However, the fact that the court-appointed sales commissioner errs in the course of carrying out the sale is not, in and of itself, grounds for revocation of the confirmation of the sale under N.C. Gen. Stat. § 46-28.1; a petition must instead be predicated on one of the statutorily enumerated grounds. In this case, it was Ms. Simmons' burden to show how the Commissioner's error would "result in irreparable damage" to her under N.C. Gen. Stat. § 46-28.1(a)(2)c. We do not believe that the court erred in concluding that Ms. Simmons had not met her burden in this regard. Specifically, we note that the clerk considered that

the Property was still subject to the Liens and that BMI would have to resolve the Liens or face foreclosure[2]; that the record reveals Ms. Simmons is or at some point during this proceeding had declared personal bankruptcy; that Mr. Townsend, who did not appeal this matter, has indicated that he will not make any additional payments towards the debts secured by the Liens; and that there is no evidence or argument made by Ms. Simmons that potential bidders for the Property declined to bid at the action due to the fact that the Commissioner's notice of the sale indicated that the Property was being sold subject to the Liens. *See Holley*, 172 N.C. at 78, 89 S.E.2d at 1062 (providing generally that bid amounts may be suppressed where property is subject to liens of unknown amounts). Rather, the record reveals that the Commissioner's notice of sale indicated the approximate purchase price necessary to satisfy the Liens, such

---

[2] In its order denying Ms. Simmons' petition to revoke confirmation of the sale, the clerk of court concluded that "[t]he Court has no authority in a partition proceeding to disallow or otherwise ignore secured liens on the subject property." We note that a court generally *does* have certain authority pursuant to N.C. Gen. Stat. § 46-30 to order a property sold unencumbered by liens of those lienholders *who are made parties to the proceeding*. The clerk of court's statement is correct in the narrow context of the present case, however, in that the court had no authority to order the Commissioner to deed the Property to BMI unencumbered by the Liens for $2500.00, where the Commissioner had advertised to the public that the Property was being sold subject to the Liens.

that potential bidders would know the amount of money needed in order to own the Property unencumbered.

We have carefully reviewed Ms. Simmons' remaining contentions and are either unable to discern their substance, *see Goodson v. P.H. Glatfelter Co.*, 171 N.C. App. 596, 606, 615 S.E.2d 350, 358 (2005) ("It is not the duty of this Court to supplement an appellant's brief with legal authority or arguments not contained therein."), or deem them abandoned for failure to supply relevant legal authority and/or reasoning in support thereof, *see* N.C.R. App. P. 28(b)(6).

## III. Conclusion

In light of the foregoing, we affirm the order of the superior court upholding the clerk of court's decision to deny Ms. Simmons' petition to revoke confirmation of sale of the Property to BMI for $2,500.00 subject to the Liens.[3]

AFFIRMED.

Judges STROUD and HUNTER, JR. concur.

Report per Rule 30(e).

---

[3] There is nothing in the order from which Ms. Simmons' appeals which specifies how the $2,500.00 in proceeds is to be disbursed. Further, she does not make any argument concerning the disbursement of the proceeds. We point out that under our Supreme Court's reasoning in *Washburn*, *supra*, since the sale to BMI will not affect the Liens, CitiMortgage and the City should not receive any portion of the proceeds from the sale to BMI.